# WILLIE FRANK BRICE *v.* STATE OF MARYLAND

[No. 4, September Term, 1970.]

*Decided October 29, 1970.*

The cause was argued before MURPHY, C.J., and ORTH and THOMPSON, JJ.

*J. H. Thomas, Jr.,* for appellant.

*T. Joseph Touhey, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City, Donaldson C. Cole, Jr., State's Attorney for Cecil County,* and

*Charles West, Assistant State's Attorney for Cecil County,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

In the Criminal Court of Baltimore appellant filed a motion for removal on June 11, 1968. Pending indictments were transferred to the Circuit Court for Wicomico County. Claiming inability to receive a fair trial in that county, appellant, on September 20, 1968, again sought removal. His motion was granted and the indictments were transferred back to Baltimore City.

After his original trial and conviction of a capital offense in the Criminal Court of Baltimore was reversed and remanded for a new trial (*Brice v. State,* 254 Md. 655), appellant filed a request for removal; the request was heard and, again, the same pending indictments were transferred to the Circuit Court for Cecil County. On February 2, 1970, Judge H. Kenneth Mackey ordered the pending indictments returned to the Criminal Court of Baltimore.

In defending the order returning the indictments to Baltimore City, the State propounds the following arguments: (1) Appellant was granted removal before and the law permits removal only once, *Lee v. State,* 164 Md. 550; (2) Appellant's acquiescence to be tried in Baltimore City operates as a waiver of subsequent claims for removal; (3) Appellant was not denied his right of removal by the Criminal Court of Baltimore because the order returning the indictments does not preclude further removal; therefore, such order is not a final order.

The State's main arguments — that appellant's prior trial in Baltimore operates as consent to a later trial and that the law permits only one absolute right of removal (*Lee v. State, supra*) — misconceive the grounds upon which removal could be granted. Appellant Brice invoked a right of removal alleging, among other grounds, an inability to receive a fair trial in Baltimore City. The publicity incidental to the prior trial was alleged as a rea-

son for inability to receive a fair trial. This request for removal was granted after a hearing on appellant's petition for removal, and the court's order granting the removal was sufficiently broad to encompass, as one of its bases, that he could not receive a fair trial in Baltimore City. Having been thus properly removed to Cecil County, that court was without power or authority to refuse to accept the case for trial. See Maryland Rules 738 and 542 a 3.

The contention that the order returning the case to Baltimore City is not a "final" order is without merit. An order granting or refusing removal is an interlocutory order and therefore not subject to immediate appeal when no constitutional right is involved and the granting or denying of a request for removal is purely discretionary. *Olson v. Love,* 234 Md. 503. However, in the present case, the constitutionally grounded removal request was granted and as indicated, the court to which the case was removed is without discretionary power to interdict the fulfillment of the accused's constitutional right by refusing to entertain the case so removed. See Constitution, Article IV, Section 8; Article 75, Section 44; Maryland Rules 542 and 738. See also *Raimondi v. State,* 8 Md. App. 468.

We thus conclude that as the Circuit Court for Cecil County was without authority to return the case to Baltimore City, jurisdiction thereof presently remains in that court. We will therefore remand the case for trial to the Circuit Court for Cecil County.

> *Order of Circuit Court for Cecil County transferring case to Baltimore City vacated; case remanded for further proceedings in accordance with this Opinion. The Mandate of this Court to issue forthwith.*