907 A.2d 1033

**GLEN–GERY CORPORATION, Appellant,**

**v.**

**ZONING HEARING BOARD OF DOVER TOWNSHIP, York County, Pennsylvania and Dover Township, Appellees.**

Supreme Court of Pennsylvania.

Argued Dec. 5, 2005.

Decided Sept. 28, 2006.

136

Terry L. Parish, Esq., Paul R. Ober, Esq., Reading, for Glen–Gery Corporation.

Stephen B. Harris, Esq., Michael Joseph Titus, Esq., Warrington, for The H & K Group.

Stacey R. MacNeal, Esq., Charles A. Rausch, Esq., York, for Dover Township.

D. Michael Craley, Esq., Red Lion, for Zoning Hearing Board of Dover Township.

Thomas L. Wenger, Esq., Peter Grayson Howland, Harrisburg, for amicus curiae for Pennsylvania State Association of Township Supervisors.

BEFORE: CAPPY, C.J., and CASTILLE, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

138

Justice NEWMAN.

■ Today we are asked to decide whether the plain language of Section 909.1(a)(2) of the Municipalities Planning Code (MPC), 53 P.S. § 10909.1(a)(2),[1] or amended Section 5571(c)(5) of the Judicial Code, 42 Pa.C.S. § 5571(c)(5),[2] controls the instant appeal and bars a procedural challenge to an ordinance as untimely if no challenge is mounted within thirty days of the "intended" effective date or, whether an ordinance is rendered void *ab initio* by its procedural defect thereby rendering inapplicable the limitations period. The underlying claim regarding the alleged procedural defect in enacting the ordinance is not before us; rather, we are asked only to address whether such a claim may be heard as timely. For

1. Section 909.1(a)(2) provides:
   (a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:
   \* \* \*
   (2) Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption which challenges shall be raised by an appeal taken within 30 days after the effective date of said ordinance. Where the ordinance appealed from is the initial zoning ordinance of the municipality and a zoning hearing board has not been previously established, the appeal raising procedural questions shall be taken directly to court.
   53  P.S. § 10909.1(a)(2).

2. Section 5571(c)(5) provides:
   (5) Ordinances, resolutions, maps, etc.—Notwithstanding section 909.1(a)(2) of the act of July 31, 1968 (P.L. 805, No. 247), known as the Pennsylvania Municipalities Planning Code, questions relating to an alleged defect in the process of enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision, including appeals and challenges to the validity of land use ordinances adopted pursuant to the Pennsylvania Municipalities Planning Code, shall be raised by appeal or challenge commenced within 30 days after the intended effective date of the ordinance, resolution, map or similar action. As used in this paragraph, the term "intended effective date" means the effective date specified in the ordinance, resolution, map or similar action or, if no effective date is specified, the date 60 days after the date the ordinance, resolution, map or similar action was finally adopted but for the alleged defect in the process of enactment or adoption.
   42  Pa.C.S. § 5571(c)(5) (footnote omitted).

the reasons that follow, we reverse the Commonwealth Court and find that a claim alleging a procedural defect affecting notice or due process rights in the enactment of an ordinance may be brought notwithstanding the provisions of Section 909.1(a)(2) and Section 5571(c)(5) because, if proven, the ordinance would be rendered void *ab initio*.[3]

## Facts and Procedural History

Glen–Gery Corporation (Appellant) desired to use all of its lands for non-coal surface mines with normal associated, related, and accessory uses, including bituminous asphalt plants, concrete batch plants, construction company activities, equipment repair facilities, offices, retail and wholesale of stone, and landscaping and related products. Appellant, therefore, filed a challenge to two of the Dover Township zoning and land use ordinances, alleging invalidity on the grounds of procedural defects that occurred during their adoption.[4] The effective dates of these ordinances were in 1997 and 1995; however, Appellant did not bring its procedural challenge until 2002. As discussed further *infra*, Section 909.1(a)(2) and Section 5571(c)(5) both provide for a thirty-day time limit on challenges to an ordinance. As such, litigation of the issue was clearly untimely pursuant to the plain language of both Sections. 42 Pa.C.S. § 5571(c)(5); 53 P.S. § 10909.1(a)(2).

The Dover Township Zoning Hearing Board (Board), which has exclusive jurisdiction pursuant to 53 P.S. § 10909.1(a)(2) to

3. This Court granted allowance of appeal on the issue of "[w]hether 42 Pa.C.S. § 5571(c)(5), which requires challenges to the validity of an ordinance alleging a defect in its enactment or adoption be brought within 30 days after the intended effective date of the ordinance, violates due process?" *Glen–Gery Corp. v. Zoning Hearing Bd.*, 584 Pa. 132, 882 A.2d 461 (2005). However, fairly comprised within that issue, and briefed by both parties, is the necessary analysis of the constitutionality of Section 5571(c)(5), which, as discussed *infra*, implicated the void *ab initio* doctrine and is rooted in due process concerns.

4. Apparently, Appellant objected, *inter alia*, to the lack of hearings on the ordinance, which, if proven, would render it void *ab initio*. It should be noted that the nature of the procedural defects is not before us. Instead, we must determine whether a challenge to the procedural defects in enacting an ordinance may be brought more than thirty days after its intended effective date.

hear matters alleging procedural defects in the enactment or adoption of an ordinance, dismissed Appellant's challenge as untimely filed. The Board relied on the decision of the Commonwealth Court in *Schadler v. Zoning Hearing Board of Weisenberg Township,* 814 A.2d 1265 (Pa.Cmwlth.2003) (*en banc*) (*Schadler I*), *rev'd,* 578 Pa. 177, 850 A.2d 619 (2004) (*Schadler II*). In *Schadler I,* the Commonwealth Court declined to follow the precedent of this Court and of prior Commonwealth Court decisions and held that procedural defects in the enactment of an ordinance did not render an ordinance null and void, and, in such cases, the thirty-day appeal period applied. *Compare with Cranberry Park Assocs. v. Cranberry Twp. Zoning Hearing Bd.,* 561 Pa. 456, 751 A.2d 165 (2000) (holding that an ordinance that was not properly numbered, signed, dated, or recorded never became effective and concluding that an argument that the appeal was untimely because it was brought nearly eight years after the fact was unpersuasive and was not barred by the limitations period); *Valianatos v. Zoning Hearing Bd. of Richmond Twp.,* 766 A.2d 903 (Pa.Cmwlth.2001) (holding that the rule stating that an appeal challenging a zoning ordinance had to be filed within thirty days of the effective date of an ordinance was inapplicable because the ordinance was void *ab initio,* and thus the ordinance never had an effective date to begin the thirty-day period (citing Section 909.1(a)(2))).

Pursuant to *Schadler I,* the Board concluded that the 2002 amendment to Section 5571(c)(5) of the Judicial Code also applied, requiring that challenges to the validity of an ordinance alleging a defect in its enactment be raised within thirty days "after the **intended** effective date of the ordinance." 42 Pa.C.S. § 5571(c)(5) (emphasis added). This amendment retroactively applies to all procedural challenges commenced after December 31, 2000. Act of Dec. 9, 2002, P.L. 1705, No. 215, § 6 (Act 215). Hence, the Board concluded that Section 5571(c)(5) applied retroactively to this appeal, rendering it untimely. Although the Board acknowledged Appellant's contention that retroactive application of Section 5571(c)(5) violated its right to due process, the Board noted that it lacked the

authority to declare a statute unconstitutional. (Zoning Hearing Board Decision, 4/25/03, at 7–8.)

Appellant appealed to the trial court, which affirmed the Board, also relying on *Schadler I*, Section 909.1(a)(2), and Section 5571(c)(5). The trial court noted that, at the time its Opinion was issued, this Court had granted review of *Schadler I*, heard argument, and our decision was pending. (Trial Court Opinion, 12/22/03, at 3 n. 1.). The trial court did not comment on the constitutionality of the statute or the void *ab initio* doctrine beyond referring to *Schadler I* and noting that we had granted allowance of appeal in the case but had not yet decided it.

Appellant filed an appeal and asked the Commonwealth Court to reverse. Prior to argument of the case *sub judice* in the Commonwealth Court, this Court reversed *Schadler I*, and held that procedural challenges to a municipal ordinance were not time-barred pursuant to either Section 909.1(a)(2) or the pre–2002 version of Section 5571(c)(5), because certain defects in enacting the ordinance rendered it void *ab initio*. *Schadler II*, 850 A.2d at 626–27. Moreover, before issuing an Opinion in the present case, the Commonwealth Court heard and decided *Taylor v. Harmony Township Board of Commissioners*, 851 A.2d 1020, 1028 (Pa.Cmwlth.), *allowance of appeal denied*, 581 Pa. 686, 863 A.2d 1151 (2004), and noted that the procedural defects in the ordinance in *Schadler II* essentially eliminated its effective date and allowed for procedural challenges to be brought well past the thirty-day appeal period.

Thereafter, in a published Opinion in the instant matter, the Commonwealth Court, relying on *Taylor* affirmed the trial court's denial of Appellant's appeal, in contravention of our most recent decision. The Commonwealth Court stated:

Our Supreme Court specifically declined to address the impact of the amendment [to § 5571(c)(5) ] in *Schadler [II]* because it was not in effect when the landowner in that case brought his procedural challenge. In this case, though, amended Section 5571(c)(5) of the Judicial Code governs. . . .

\* \* \*

Because the thirty-day statutory period for challenging alleged defects in the enactment of an ordinance begins on the "intended" effective date "but for the alleged defect in the process of enactment or adoption," Section 5571(c)(5) now means that the statutory period for bringing procedural challenges to local ordinances begins to run without regard to alleged procedural defects that potentially would preclude the ordinance from taking effect. Consequently, a determination of whether an ordinance is actually void can only come after a timely procedural challenge to the ordinance under amended Section 5571(c)(5).

*Glen–Gery Corp. v. Zoning Hearing Bd.,* 856 A.2d 884, 890 (Pa.Cmwlth.2004) (emphasis omitted) (quoting *Taylor,* 851 A.2d at 1029). The court further held that the clear language of Section 5571(c)(5) evidenced the legislature's intent that it apply to land use ordinances adopted pursuant to the MPC, and that the amendment to this Section apply retroactively to any procedural appeals filed after December 31, 2000. Also, the court noted that a grace period is not required when the General Assembly enacts a retroactive statute that affects substantive rights. *Glen–Gery,* 856 A.2d at 892 (citing 1 Pa.C.S. § 1926 ("No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly"); *Morabito's Auto Sales v. PennDOT,* 552 Pa. 291, 715 A.2d 384 (1998)). Accordingly, the Commonwealth Court affirmed the dismissal of the challenge as untimely.

## Discussion

The basic issue before this Court is whether the plain language of either of two statutory provisions, Section 909.1(a)(2) or amended Section 5571(c)(5), controls this appeal or whether the challenged statute is rendered void *ab initio,* thereby circumventing the deadline for filing an appeal. The underlying claim regarding the alleged procedural defect in enacting the ordinance is not before us; rather, we are asked

to decide whether such a challenge may be heard as timely.[5] We conclude that it can be heard.

Prior to addressing the exact language of the statutes and precedent from this Court, it is helpful to understand the genesis and the meaning of the void *ab initio* doctrine and its roots in due process concerns.

> Under this theory, a statute held unconstitutional is considered void in its entirety and inoperative as if it had no existence from the time of its enactment. The origin of this doctrine may lie in the early case of *Marbury v. Madison*[, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803)], in which Chief Justice Marshall wrote that "a law repugnant to the constitution is void."

> Oliver P. Field, the most noted scholar on this issue has suggested that the void *ab initio* theory is premised on the historical American concern over excessive authority asserted by a tyrannical executive or legislative branch in violation of the rights of individuals protected by the Constitution. Field explains that whereas the Constitution prohibits the legislature and executive from overstepping their limits, the courts came to regard themselves as the ultimate guardians of individual rights. Any act that invaded these rights was to be judged unconstitutional and treated as though it never existed.

Erica Frohman Plave, *The Phenomenon of Antique Laws: Can a State Revive Old Abortion Laws in a New Era?*, 58 Geo. Wash. L.Rev. 111 (1990). *See also Kole v. City of Chesapeake*, 247 Va. 51, 439 S.E.2d 405, 408–09 (1994) ("The 30–day period would not bar the Landowners' claims that the rezoning ordinance is void *ab initio* upon the several grounds alleged"); *People v. Gersch*, 135 Ill.2d 384, 142 Ill.Dec. 767, 553 N.E.2d 281 (1990).

5. As noted above, Appellant lists a myriad of procedural defects. Void *ab initio* only concerns those claims that implicate notice, due process, or other constitutional rights of a party; accordingly, we limit this holding to only those defects and, ultimately, remand so that Appellant may challenge solely those procedural defects that, if proven, could render the statute void *ab initio*.

*Norton v. Shelby County*, 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178 (1886), is the most frequently cited case dealing with the doctrine of void *ab initio*. In *Norton*, the Tennessee legislature reorganized the City of Memphis and, through an enactment, transferred the powers of the Quarterly Court to a newly created Board of Commissioners for the purpose of authorizing the Board to purchase bonds in a railroad company. A new Constitution came into force in Tennessee that declared actions such as those taken by the Board to be unconstitutional. The legislation was subsequently held by the Supreme Court of Tennessee to be unconstitutional and invalid, and the Board created by it to have no legal existence.

The suit in *Norton* was initiated to enforce payment of twenty bonds issued by the Board. The U.S. Supreme Court stated that, "[a]n unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." *Norton*, 118 U.S. at 442, 6 S.Ct. 1121. The Court found that, because the new requirements of the Tennessee Constitution were not followed in the creation of the Board, no subsequent act of the county court could operate to render valid a previous void issue of bonds.

This doctrine has been upheld repeatedly in other jurisdictions as well as this one. *See Propst v. Bd. of Ed.*, 103 F.Supp. 457 (D.Neb.1951) (holding that an unconstitutional statute is an utter nullity, and it is void from the date of its enactment, making it incapable of creating any rights); *Atlanta v. Gower*, 216 Ga. 368, 116 S.E.2d 738, 742 (1960) (opining that "[t]he time with reference to which the constitutionality of an act of the General Assembly is to be determined is the date of its passage, and if it is unconstitutional then, it is forever void.") (quoting *Jones v. McCaskill*, 112 Ga. 453, 37 S.E. 724, 725 (1900)). Perhaps most analogous to the instant matter is *Miller v. Jackson*, 166 Kan. 141, 199 P.2d 513 (1948). The court in *Miller* stated that: "Since a void statute is tantamount to no statute we think the plaintiff is entitled to be heard upon the question of the validity of the statute." *Id.* at 514. Although *Miller* did not deal with a statute of limitations issue, as here, it put forth the notion that challenges to the

constitutional validity of a statute should be heard because, if successful, the statute is rendered non-existent.

Although some courts have shied away from consistently applying the doctrine of void *ab initio,* those courts have recognized its validity in certain cases. *See Perkins v. Eskridge,* 278 Md. 619, 366 A.2d 21, 32 n. 7 (1976), *overruled on other grounds by Parrott v. State,* 301 Md. 411, 483 A.2d 68 (1984), in which the Court stated, "We do not mean to imply, however, that we totally reject the Norton void *ab initio* rule. In some cases it may be appropriate to apply the rationale. *See, e.g., Barry Properties v. Fick Bros.,* 277 Md. 15, 353 A.2d 222, 235 (1976); *State v. Ingel,* 18 Md.App. 514, 308 A.2d 223, 229 (1973), *cert. denied,* 270 Md. 739, 742 (Md.1973); *cf. Ex parte Siebold,* 100 U.S. 371, 25 L.Ed. 717 (1879). *See also Johnson v. State,* 271 Md. 189, 315 A.2d 524, 528 (1974)." (citations modified).

The hesitation to apply the void *ab initio* doctrine has stemmed from the reliance on the part of one party but only where the due process rights of the citizenry will not be violated by its enforcement. *See Chicot Co. Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940) (holding that the doctrine is unfair when the void law has caused reliance); *Lemon v. Kurtzman,* 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973) (opining that an unconstitutional statute is not absolutely void but its one-time existence is a practical reality upon which people have relied and courts should recognize that reality). As discussed further below, no reliance on the part of the people has occurred in this case; rather, the original concern of allowing a challenge to an otherwise procedurally defective statute is implicated because, without that opportunity, the due process rights of a citizen are violated. Moreover, it would be foolhardy for us to allow a government agency to pass a statute in a defective process that eliminated the ability to challenge that statute and then to allow the agency to claim that it is too late to challenge because it relied on that statute.[6] Presently, no reliance can

---

6. The possibility of township reliance on an ordinance was addressed in *Schadler II.*

be established by the Board regarding the zoning ordinance; as such, this reason for straying from the void *ab initio* doctrine is not present.

As previously recited, Section 909.1(a)(2) of the MPC reads:

(a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

* * *

(2) Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption which challenges shall be raised by an appeal taken within 30 days after the effective date of said ordinance. . . .

53 P.S. § 10909.1(a)(2). Former Section 5571(c)(5) of the Judicial Code reads, "Ordinances, resolutions, maps, etc.— Questions relating to an alleged defect in the process of enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision shall be raised by appeal commenced within 30 days after the effective date of the ordinance, resolution, map or similar action." 42 Pa.C.S. § 5571(c)(5) (before amendment). In 2002, the legislature

The Township argues in the alternative that applying the holding of *Cranberry Park* to this case would engender unsound policy by creating an unreasonable situation in which any ordinance enacted with any sort of technical deficiency would then be forever subject to challenge. We disagree. While it is true that an overly aggressive application of the principles behind *Cranberry Park* could inject excessive uncertainty into a township's zoning laws, there is no such threat here. The purpose of requiring compliance with the procedural requirements for enacting township ordinances is premised on the importance of notifying the public of impending changes in the law so that members of the public may comment on those changes and intervene when necessary. While we may someday be presented with a case in which a procedurally defective ordinance has been 'on the books' and obeyed in practice for such a long time that public notice and acquiescence can be presumed, this is not such a case. *Schadler II*, 850 A.2d at 627. As in *Schadler II*, reliance is not at issue in the present matter and has not been raised or shown by the Board; accordingly, we are left with only the substantial interest in upholding the procedural requirements designed to ensure the citizenry may challenge an ordinance.

amended Section 5571(c)(5) to provide that a challenge must be raised within thirty days after the "intended effective date of the ordinance." (Act 215). Again, Section 5571(c)(5) now provides as follows:

(5) Ordinances, resolutions, maps, etc.-Notwithstanding section 909.1(a)(2) of the act of July 31, 1968 (P.L. 805, No. 247), known as the Pennsylvania Municipalities Planning Code, questions relating to an alleged defect in the process of enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision, including appeals and challenges to the validity of land use ordinances adopted pursuant to the Pennsylvania Municipalities Planning Code, shall be raised by appeal or challenge commenced within 30 days **after the intended effective date** of the ordinance, resolution, map or similar action. As used in this paragraph, the term "intended effective date" means the effective date specified in the ordinance, resolution, map or similar action or, if no effective date is specified, the date 60 days after the date the ordinance, resolution, map or similar action was finally adopted but for the alleged defect in the process of enactment or adoption.

42 Pa.C.S. § 5571(c)(5) (internal footnote omitted) (emphasis added). Furthermore, Section 6 of Act 215 provides that "[t]he amendment of 42 Pa.C.S. 5571(c)(5) shall apply to an appeal or challenge relating to an alleged defect in the process of the enactment or adoption of any ordinance, resolution, map or similar action commenced after December 31, 2000." Consequently, Section 5571(c)(5), as amended, applies to the instant matter, as the appeal commenced after December 31, 2000. *See Morabito's Auto Sales,* 715 A.2d at 386 (providing that a grace period is not required when the General Assembly enacts a retroactive statute concerning procedural matters) (citing *Galant v. Dep't of Envtl. Res.,* 534 Pa. 17, 626 A.2d 496, 498–99 (1993)).

A strict reading of the statute demonstrates that the challenge is clearly time-barred as Appellant waited between five and seven years to contest the allegedly defective procedure during the enactment of the ordinances. However, the

effect of a finding that the ordinance is void *ab initio* means that it essentially never became law because of its procedural defects; thus, any component of the challenge that contains a time bar, or intended effective date, is deemed void for having never been properly passed. As such, Appellant urges us to consider that the current statute, if the underlying procedural defect were proven, would not be in existence and, therefore, the claim cannot be time-barred. Appellant argues that the instant matter is similar to the Opinions of this Court in both *Schadler II, supra,* and *Cranberry Park, supra,* in which procedural challenges were allowed more than thirty days after the effective date of the statute.

In *Cranberry Park,* the appellant, a limited partnership, filed an application for a grading permit pursuant to Cranberry Township's Grading Ordinance. However, the appellant began work without the permit, which was ultimately denied because it did not include all of the information required by the ordinance. An appeal was filed challenging the validity of the ordinance because it was never numbered, dated, signed, or recorded. This Court stated that:

> [T]he procedures for enacting the ordinance were not followed and thus the ordinance is invalid. The Board found, based on its review of its minutes, that the Ordinance was passed on July 16, 1987. As of 1995, eight years after the Ordinance was passed, the Ordinance was still not numbered, dated, signed or recorded. The Ordinance was never recorded in the ordinance book of the township, thus it never became effective. 53 P.S. 65741; *see also Lower Gwynedd Twp. v. [Gwynedd Props., Inc.,* 527 Pa. 324, 591 A.2d 285,] 287 [ (1991) ]. Since the Ordinance never became effective, Appellee's reliance on 5571 of the Judicial Code to argue that the [partnership]'s challenge is untimely is unpersuasive.

*Id.* at 168 (citations omitted). In so holding, this Court relied extensively on our prior decision in *Lower Gwynedd.*

In *Lower Gwynedd,* the appellant owned a large plot of land in Lower Gwynedd Township. After the appellant filed a subdivision plan, the township solicitor prepared an ordinance

authorizing the condemnation of the land for use as a conservation area. Although the ordinance was prepared and a summary of its provisions published in a newspaper, the full text of the ordinance was not published or filed in any location. As a result, the appellant could not examine the entire ordinance prior to its adoption. This Court then relied on our prior ruling in *West Conshohocken Borough Appeal*, 405 Pa. 150, 173 A.2d 461 (1961), as well as that of the Commonwealth Court in *City of Philadelphia v. Shanahan*, 121 Pa.Cmwlth. 602, 550 A.2d 1388 (Pa.Cmwlth.1988), *allowance of appeal denied* 522 Pa. 586, 559 A.2d 529 (1989), in stating that "[t]he precedents of this Court have been consistent in holding that statutory publication requirements are mandatory and that ordinances adopted without strict compliance are void." *Lower Gwynedd*, 591 A.2d at 288. We stated again that it is our "consistent view that the statutory steps for enactment of ordinances are mandatory and nonwaivable," *id.* at 286, and that "the procedures established by the legislature for the enactment of ordinances must be followed strictly in order for an ordinance to be valid," *id.* at 287.

We most recently addressed the void *ab initio* doctrine in *Schadler II*. In *Schadler II*, the developer of a proposed mobile home park claimed that the township's mobile home park ordinance was invalid because of irregularities in the way in which it had been enacted. Weisenberg Township stipulated that it had failed to publish required notices regarding the ordinance. Section 506 of the MPC, 53 P.S. 10506; Section 1601 of the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 66601. The Commonwealth Court summarized our position in *Schadler II* by stating that procedural defects in enacting an ordinance "essentially eliminated the 'effective date' of the challenged ordinance from which the thirty-day statutory period for taking an appeal was calculated." *Taylor v. Harmony Twp. Bd. of Comm'rs*, 851 A.2d 1020, 1028 (Pa.Cmwlth.), *allowance of appeal denied*, 581 Pa. 686, 863 A.2d 1151 (2004). "Because there was no 'effective' date, challenges to an ordinance on procedural grounds could be brought well past the thirty-day

statutory period for challenging procedural irregularities in the enactment of the ordinance." *Id.*

*Taylor* involved a company engaged in a logging venture that began operations without the requisite permits. Following litigation involving the validity of its permit denial, Taylor challenged the procedure in enacting an ordinance that no timber harvesting shall take place in areas determined to be landslide-prone. The Commonwealth Court in *Taylor* ultimately relied on the amended Section 5571(c)(5) in finding that, pursuant to amended Section 5571(c)(5), the "intended effective date" means that "the statutory period for bringing procedural challenges to local ordinances begins to run without regard to alleged procedural defects that potentially would preclude the ordinance from taking effect. Consequently, a determination of whether an ordinance is *actually* void can only come after a timely procedural challenge to the ordinance." *Taylor*, 851 A.2d at 1029.

Presently, the Commonwealth Court relied heavily on *Taylor* to distinguish this Court's decision in *Schadler II*. The Commonwealth Court held that:

Although Taylor predicted the Supreme Court's treatment of our decision in *Schadler [I]*, it does not necessarily follow that he now prevails on this issue because Section 5571(c)(5) of the Judicial Code has been amended.... Our Supreme Court specifically declined to address the impact of the amendment in *Schadler [II]* because it was not in effect when the landowner in that case brought his procedural challenge. In this case, though, amended Section 5571(c)(5) of the Judicial Code governs, and we must address it because it took effect before Taylor raised his procedural challenge to Ordinance 335.

Under amended Section 5571(c)(5), the "intended effective date" of an ordinance is either (1) the date specified in the ordinance or (2) 60 days after the township otherwise finally adopts the ordinance, if no date is specified. Because the thirty-day statutory period for challenging alleged defects in the enactment of an ordinance begins on the "intended" effective date "but for the alleged defect in the process of

enactment or adoption," Section 5571(c)(5) now means that the statutory period for bringing procedural challenges to local ordinances begins to run without regard to alleged procedural defects that potentially would preclude the ordinance from taking effect. Consequently, a determination of whether an ordinance is **actually** void can only come after a timely procedural challenge to the ordinance under amended Section 5571(c)(5).

In this case, Ordinance 335 has as its intended effective date November 19, 2001. Taylor first challenged procedural problems with Ordinance 335 on June 18, 2003, nearly 18 months beyond the statutory deadline, making Taylor's challenge to any alleged defect in the enactment process time-barred under the amendment to Section 5571(c)(5).

*Glen–Gery*, 856 A.2d at 890–91 (quoting *Taylor*, 851 A.2d at 1028–30 (omission in original)).

The Commonwealth Court distinguished *Schadler II* reasoning that the addition of the word "intended" means that the effective date now runs without regard to an alleged procedural defect.[7] However, this analysis by the Commonwealth Court is seriously flawed because the underlying reasoning of *Schadler II* is still present and the Commonwealth Court simply restated its error from *Taylor*. Regardless of the intended effective date, this Court's reasoning in *Schadler II* clearly held that, if the ordinance or statute is procedurally defective, it is as if it had never been enacted. *Schadler II*, 850 A.2d at 626–27 ("Therefore, under this Court's prior decisions in *Lower Gwynedd* and *Cranberry Park*, as well as under 53 P.S. 10506 and 66601, the Ordinance is void *ab initio* and had no effective date."). This includes any provision that would limit a challenge to thirty days, sixty days, or any

---

**7.** This Court specifically refused to address the amendment in *Schadler II*, saving that question for another day, but the reasoning used therein is ultimately persuasive, as discussed *infra*. "The amended text of [Section 5571(c)(5)] provides that the thirty-day limitations period for challenging municipal ordinances begins ticking on an ordinance's 'intended' effective date.... However, Schadler filed his present claim with the [Board] in August 2000, **prior to** the effective date of the December 2002 amendment to 42 Pa.C.S. 5571(c)(5)." *Schadler II*, 850 A.2d at 627–28.

amount of time. In the matter *sub judice,* the term containing the intended effective date restriction is null, void, and inapplicable if the ordinance was never enacted properly.

■ Furthermore, as noted above, we have consistently held that a defect in the enactment renders any time bar null and void as the statute is, in its entirety, void *ab initio. See Cranberry Park, supra (holding that an unrecorded ordinance had no effective date and was void ab initio); Lower Gwynedd Twp. v. Gwynedd Props.,* 527 Pa. 324, 591 A.2d 285, 286, 287 (1991) (opining that this Court has held the "consistent view that the statutory steps for enactment of ordinances are mandatory and nonwaivable" and that "the procedures established by the legislature for the enactment of ordinances must be followed strictly in order for an ordinance to be valid."). *See also Harrisburg Sch. Dist. v. Hickok,* 563 Pa. 391, 761 A.2d 1132, 1136 (2000); *Commonwealth v. Demor,* 456 Pa.Super. 766, 691 A.2d 958, 962–63 (1997), *allowance of appeal denied,* 550 Pa. 690, 704 A.2d 1380 (1997) ("[I]ts unconstitutionality dates from the time of its enactment and not merely from the date of the decision holding it so.") (quotation marks omitted). Therefore, an unconstitutional statute is ineffective for any purpose, *id.;* "[i]t is as if it were never enacted." *Fornwalt v. Follmer,* 420 Pa.Super. 413, 616 A.2d 1040, 1042 (1992) (citing, *inter alia, G.H. McShane Co., Inc. v. Travelers Indem. Co.,* 262 Pa.Super. 80, 396 A.2d 654 (1978)).

■ In *Schadler II,* this Court stated that:

[T]he statute merely provides that a township's failure to file a copy of an ordinance with the county law library or other designated county office within thirty days of enactment or its failure to record the ordinance within the time provided will not render the ordinance void *ab initio,* without addressing in any way the effect of other procedural deficiencies. As such, pursuant to *Lower Gwynedd* and *Cranberry Park,* a township's failure to comply with *other* statutory procedural requirements continues to render the resultant ordinance void.

*Schadler II,* 850 A.2d at 626. Consequently, this Court in *Schadler II* noted the reasoning of prior caselaw with approval and stated that the void *ab initio* doctrine applies where a township fails to comply with statutory procedural requirements. "[T]he statute is more closely aligned with the general principle set forth in *Lower Gwynedd* and *Cranberry Park* that procedurally defective ordinances are void *ab inito. See Cranberry Park,* 751 A.2d at 167–68 (quoting *Lower Gwynedd,* 591 A.2d at 285–87)." *Schadler II,* 850 A.2d at 626 n. 8.[8]

We further noted that the enactment of Section 1601 of the MPC, 53 P.S. § 66601 (outlining the powers and methods of a board of supervisors in adopting ordinances), did not abrogate *Cranberry Park* and that, despite a legislative attempt to govern the publication and effective date, a procedural defect still renders a statute or ordinance void *ab initio.* "Moreover, it should be noted that the Commonwealth Court below erred in finding that the enactment of 53 P.S. § 66601 had effectively overruled *Valianatos, supra,* which followed *Cranberry Park* in finding that a challenge to a procedurally defective

---

**8.** Indiana has adopted a modified version of the Model Administrative Adjudication Act (AAA), in part because of the critical nature of the right to due process and judicial review of that right.

[*Indiana Environmental Management Bd. v. Bremen,* 458 N.E.2d 672 (Ind.App.1984),] involved construction and operation permits for a sanitary landfill granted by the Indiana Environmental Management Board (EMB). The town and several private citizens sought to obtain judicial review of the permit issuance and to enjoin its effectiveness pending review. The trial court eventually ordered that the EMB actions be set aside and vacated. The Indiana Court of Appeals found that the town and the citizens were entitled to pursue administrative remedies under the AAA, including the opportunity for settlement and for an adjudicatory hearing. The court further found that the AAA required the agency to notify all 'affected persons' by registered (or certified) mail or in person of its initial determination. Failure to provide the appellees with their due process rights under the AAA rendered the permits void *ab initio.*

Honorable Lori Kyle Endris and Honorable Wayne E. Penrod, *Judicial Independence in Administrative Adjudication; Indiana's Environmental Solution,* 12 St. John's J.L. Comm. 125, 130 n. 20 (1996). In *Bremen,* the court determined that the AAA afforded due process rights that had been denied to the plaintiffs and concluded that a failure to comply with due process resulted in the permits in question being rendered void *ab initio. Bremen,* 458 N.E.2d at 675. Thus, a lack of due process protection renders a government act ineffective from its inception.

local ordinance was not time-barred because the ordinance was void *ab initio.*" *Schadler II,* 850 A.2d at 627 n. 10.

Accordingly, our holding in *Schadler II* is no less true today:

> [U]nder this Court's prior decisions in *Lower Gwynedd* and *Cranberry Park* ... the Ordinance is void *ab initio* and had no effective date, and the thirty-day limitations period in 53 P.S. § 10909.1(a)(2) and 42 Pa.C.S. § 5571(c)(5) never began to run. As a result, the Commonwealth Court's conclusions [in *Schadler I* ] that *Cranberry Park* was no longer controlling and that 53 P.S. § 66601 excused the Township's procedural deficiencies were in error.

*Schadler II,* 850 A.2d at 626–27.

■ We recognize that Section 5571(c)(5) now contains the following definition: "As used in this paragraph, the term 'intended effective date' means the effective date specified in the ordinance ... or, if no effective date is specified, the date 60 days after the date the ordinance ... was finally adopted but for the alleged defect in the process of enactment or adoption." 42 Pa.C.S. 5571(c)(5). The addition of the term "intended" has no effect on the general reasoning of this Court in *Schadler II* or *Cranberry Park.* Consequently, we hold that it would defy common sense to determine that, although we held that the effective date is irrelevant to a limitations period for a procedural challenge, the same date, when characterized as "intended," would render unchallengeable a procedurally defective ordinance relating to due process or notification. As we have held without exception, the effective date, whether called "intended" or not, cannot bar a challenge to a procedurally defective statute because that date simply fails to exist should the statute have been enacted improperly.

■ The mere add-on of "intended" does not vitiate the due process rights of a Pennsylvania citizen that are protected by the void *ab initio* doctrine. As in *Schadler II* and *Cranberry Park,* this Court cannot enforce an ordinance that is procedurally defective and results in a landowner not being afforded his or her constitutionally guaranteed opportunity to challenge

that ordinance's validity. In the case of a procedural defect involving notice or other defects lessening or eliminating constitutional rights, it would be nonsensical to allow the Legislature to pass a law or ordinance without notification and then attempt to skirt its own defective act by creating an artificial and arbitrary statute of limitations when a potential party has no ability to know of or contest the statute. Such a scheme would obliterate the check and balance available to citizens via the court system by creating an essentially unchallengeable statute or ordinance.

## Conclusion

■ Consistent with prior precedent, we hold that a challenge to the procedure in enacting a statute or ordinance cannot be dismissed summarily as time-barred because, if the procedural defect implicating constitutional due process concerns such as notice were proven, it would render the statute void *ab initio*. Thus, we reverse the Commonwealth Court and remand for proceedings consistent with this Opinion.

Justice CASTILLE, EAKIN and BAER join the opinion.

Former Justice NIGRO did not participate in the consideration or decision of this case.

Justice SAYLOR files a dissenting opinion in which Chief Justice CAPPY joins.

Justice SAYLOR, dissenting.

As I read its opinion, the majority finds the amendment to Section 5571(c)(5) of the Judicial Code ineffective to accomplish the intended purpose of displacing the decisional law exemplified by *Schadler v. Zoning Hearing Board of Weisenberg Township*, 578 Pa. 177, 850 A.2d 619 (2004). *See, e.g.,* Majority Opinion, op. at 1044 ("The addition of the term 'intended' [in Section 5571(c)(5) ] has no effect on the general reasoning of this Court in *Schadler II* [.]"). Further, the majority appears to deem the amendment unconstitutional as applied to defects in the process of enacting an ordinance that

implicate due process interests of property owners and/or other constitutional rights and entitlements. *See* Majority Opinion, *op.* at 1044–45.

On the first of these points, it is my position that, by prescribing that the thirty-day period runs from the intended effective date of the ordinance, rather than the actual effective date, the Legislature has effectively displaced the *Shadler* line of decisions.[1] In this regard, the amended statutory language seems to me to be plain on its face, with its intended effect, as well as the salutary purpose of establishing some reasonable limitation on procedural validity challenges, also being very clear. Therefore, I respectfully differ with the majority's criticisms of the Commonwealth Court's reading of amended Section 5571(c)(5), *see* Majority Opinion, *op.* at 1041–42, 1043–45, as I believe that the intermediate appellate court merely applied a plain-meaning approach.

I also do not believe that the Commonwealth Court should be faulted for failing to consider the limited question on which appeal was allowed, namely, whether the amendment to Section 5571(c)(5) violates due process, since that issue was not before the court. In the first instance, the due process challenge was not raised in Glen–Gery's statement of matters complained of on appeal filed under Rule of Appellate Procedure 1925(b). Under this Court's decisions in *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), *Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775 (2005), and *Commonwealth v. Schofield,* 585 Pa. 389, 888 A.2d 771 (2005), this deficiency implicates a strict waiver rule.[2] The issue also did not appear

---

1. As the majority explains, the *Schadler* line of cases applied the rationale that a procedurally defective statute is void *ab initio* and, thus, has no effective date from which a thirty-day limitations period could run. *See Schadler,* 578 Pa. at 188–89, 850 A.2d at 626–27. Since, as amended, Section 5571(c)(5) now prescribes that the thirty-day period runs from the date on which an ordinance was intended to be effective, rather than its actual effective date, the above reasoning from *Schadler* no longer applies to Section 5571(c)(5).

2. In *Castillo* and *Schofield,* I dissented, expressing the view that appellate review should be available per the discretion of the appellate court despite non-compliance with Rule 1925, at least where the court is able to conduct meaningful appellate review on the record presented. *See*

within Glen–Gery's statements of the questions involved in its submissions to the Commonwealth Court, which also would have counseled against review. *See* Pa.R.A.P. 2116(a) (explaining that "ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby"). In this regard, two primary arguments pertaining to the amendment to Section 5571(c)(5) were developed in the body of Glen–Gery's briefs as the appellant in the Commonwealth Court. First, it contended that the amendment could not apply to the validity challenge to the Dover Township land use ordinance because Section ·5571(c)(5) appears within the Judicial Code, and therefore, should not be read to apply to challenges arising under the Municipalities Planning Code. *See* Appellant's Brief at 11–12, *Glen–Gery Corp. v. ZHB of Dover Twp.*, 856 A.2d 884 (Pa.Cmwlth.2004). Second, Glen–Gery argued that the amendment should not pertain, because it post-dated Glen–Gery's challenge to the land-use ordinance and should not be applied retroactively. Appellant's Supplemental Brief at 5–6, *Glen–Gery Corp. v. ZHB of Dover Twp.*, 856 A.2d at 884. Neither of these contentions, however, fairly subsumed a constitutional due process challenge to the amendment to Section 5571(c)(5) based upon inadequate notice.[3]

In this landscape, I believe that the Commonwealth Court's approach to the case in merely applying the plain language of amended Section 5571(c)(5) was apt.[4] Further, I find merit in

*Castillo*, 585 Pa. at 403–07, 888 A.2d at 780–83 (Saylor, J., dissenting); *Schofield*, 585 Pa. at 394–95, 888 A.2d at 775 (Saylor, J., dissenting). That position, however, did not prevail; rather, the Court reaffirmed the strict waiver approach that previously had been announced in *Lord.*

**3.** In the course of the latter argument, Glen–Gery did include a short paragraph suggesting some broader challenge to the amendment to Section 5571(c)(5), indicating that "the law of Pennsylvania" should not cognize unnoticed "stealth" legislation. *See id.* at 6. To the extent that such a generalized statement, identifying no specific legal theory and containing no citation to supporting authority, could be construed as raising a due process challenge to the application of the amendment, again, Glen–Gery's failure to adhere to the other procedural requirements for raising and preserving the issue impeded appellate review of the question.

**4.** I offer no comment, however, on the resolution of the retroactivity issue, since the question was not included within the limited appeal

Appellee's contention, as developed in the briefing, that the constitutional question is waived.

Since the majority elects to reach the merits of the due process question, my position is as follows. I agree with the majority to the extent that it holds that the government cannot materially alter existing property interests of citizens in the absence of adequate notice and an opportunity to respond.[5] I also do not believe that the Legislature, consistent with the due process norms, can restrict the ability of landowners who have not been afforded reasonable notice to obtain redress in the courts of law to a thirty-day period after the passage of an unnoticed ordinance. Therefore, in circumstances in which a landowner can establish such a lack of timely notice and reasonable diligence in the aftermath, I believe that Section 5571(c)(5) may be unconstitutional as applied.[6]

As to the ultimate result in this case, I believe that the common pleas court should have addressed whether Appellant met its burden of establishing that the government failed to provide adequate notice and an opportunity to respond in connection with the passage of the ordinance, and correspondingly, that Section 5571(c)(5) should be deemed unconstitution-

allowed by this Court. *See Glen–Gery Corp. v. ZHB of Dover Twp.*, 584 Pa. 132, 882 A.2d 461 (2005) (*per curiam*).

5. The substantive due process standards applicable to land use validity changes, *see generally In re Realen Valley Forge Greenes*, 576 Pa. 115, 146–50, 838 A.2d 718, 737–739 (2003) (Saylor, J., dissenting) (discussing same), do not appear to be directly applicable in this case, as Appellant's challenges to the ordinance are centered on the asserted procedural irregularities in its enactment.

6. I have some difficulty, however, with the majority's suggestion that the approach of courts in deeming unconstitutional statutes (or ordinances) void *ab initio* is rooted in due process. *See* Majority Opinion, slip op. at 7. While certainly enactments that violate due process interests may implicate the doctrine (as is now asserted to be the case here), I believe that the void *ab initio* conception has been applied to a considerably broader range of unconstitutional legislation. *See generally* 1 SUTHERLAND STATUTORY CONSTRUCTION § 2:7 (6th ed.2005) (citing cases). I also think that it is helpful in this arena to maintain a distinction between substantive and procedural invalidity in terms of the application of the doctrine, which, in my view, is particularly relevant to the applicability of potential exceptions.

al as applied in the circumstances.[7] Had the due process issue been adequately preserved for appellate review, I would therefore have vacated the orders of the Commonwealth Court and the common pleas court and remanded for such an undertaking, with a directive that the court would be authorized to entertain additional evidence to the extent that Appellant was not provided with a sufficient opportunity for presentation in the first instance. *See supra* note 7.

Chief Justice CAPPY joins this dissenting opinion.

**7.** While Appellant did not raise the due process issue in its statement of matters complained of on appeal, it had otherwise raised it before the common pleas court prior to the filing of the notice of appeal. *See, e.g.,* Appellant's Brief in Support of Land Use Appeal, at 9, *Glen–Gery Corporation v. ZHB of Dover Twp.,* No.2003–SU–02356–08, slip op. (C.P. York Dec. 22, 2003). In this regard, the common pleas court noted that it permitted the presentation of evidence at a series of hearings. *See Glen–Gery Corp. v. ZHB of Dover,* No.2003–SU–02356–08, slip op. at 3 (C.P. York Dec. 22, 2003). There are no transcripts of such proceedings in the original record as provided, however. Thus, it is impossible to assess the adequacy of Appellant's presentation from the appellate perspective at this juncture.