# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| THE HONORABLE MIKE KELLY, SEAN PARNELL, THOMAS A. FRANK, NANCY KIERZEK, DEREK MAGEE, ROBIN SAUTER, MICHAEL KINCAID, AND WANDA LOGAN | : | No. 68 MAP 2020 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GENERAL ASSEMBLY, HONORABLE THOMAS W. WOLF, KATHY BOOCKVAR | : | |
| | : | |
| APPEAL OF: COMMONWEALTH OF PENNSYLVANIA, HONORABLE THOMAS W. WOLF, KATHY BOOCKVAR | : | |

## CONCURRING AND DISSENTING STATEMENT

**CHIEF JUSTICE SAYLOR**                    **Filed: November 28, 2020**

I agree with the majority that injunctive relief restraining certification of the votes of Pennsylvanians cast in the 2020 general election should not have been granted and is unavailable in the present circumstances. As the majority relates, there has been too much good-faith reliance, by the electorate, on the no-excuse mail-in voting regime created by Act 77 to warrant judicial consideration of the extreme and untenable

remedies proposed by Appellees.[1]  Accordingly, I join the *per curiam* Order to the extent that it vacates the preliminary injunction implemented by the Commonwealth Court.[2]

That said, there is a component of Appellees' original complaint, filed in the Commonwealth Court, which seeks declaratory relief and is unresolved by the above remedial assessment.  Additionally, I find that the relevant substantive challenge raised by Appellees presents troublesome questions about the constitutional validity of the new mail-in voting scheme.[3]

---

[1] *Accord Donald J. Trump for President, Inc. v. Sec'y Commonwealth of Pa*, No. 20-3371, *slip op.* at 21 (3d Cir. Nov. 27, 2020) (relating that "the public interest strongly favors finality, counting every lawful voter's vote, and not disenfranchising millions of Pennsylvania voters who voted by mail").  *See generally* LAWRENCE H. TRIBE, AMERICAN CONSTITUTIONAL LAW 599, 600 (3d ed. 2000) (explaining that there is no "general principle that all constitutional violations must be remediable in the courts" and that "it is simply untenable that there must be a judicial remedy for every constitutional violation" (quoting *Webster v. Doe*, 486 U.S. 592, 613, 108 S. Ct. 2047, 2059 (1988) (Scalia, J., dissenting)); RICHARD H. FALLON, JR. & DANIEL J. MELTZER, NEW LAW, NON-RETROACTIVITY, AND CONSTITUTIONAL REMEDIES, 104 HARV. L. REV. 1731, 1786 (1991) (describing rights without "individually effective remedies" as a "fact of our legal tradition").

[2] The only caveat is that I would do so in the direct appeal proceedings and without a special grant of extraordinary jurisdiction.  *See infra.*

[3] Appellees explain that early decisions of this Court interpreted the phrase "offer to vote," as it appears in the provisions of the Pennsylvania Constitution governing public elections, to require in-person voting as an element of suffrage, subject only to exceptions delineated in the Constitution itself.  *See* PA. CONST., art. VII §1 (discussing the qualification of Pennsylvania electors in terms of the election district "where he or she shall *offer to vote*" (emphasis added)); *Chase v. Miller*, 41 Pa. 403, 419 (1982) ("To 'offer to vote' by ballot is to present oneself, with proper qualifications, at the time and place appointed, and to make manual delivery of the ballot to the officers appointed by law to receive it."); *In re Contested Election in Fifth Ward of Lancaster City*, 281 Pa. 131, 136-37 (1924) (discussing constitutionally-prescribed exceptions to in-person voting).  Appellants' answer appears to be that times have changed, even if a governing provision of the Constitution has not.  *See* Brief for Appellants at 23 ("Both [the *Chase* and *Lancaster County* decisions] based their holdings on a fear of absentee voting that (continued…)

One of Appellants' main responses is that the citizenry, and perhaps future generations, are forever bound by the Legislature's decision to insert, into Act 77 itself, a 180-day time restriction curtailing challenges to the substantive import of the enactment. *See* Act of Oct. 31, 2019, P.L. 552, No. 77, §13(3). However, I find this assessment to be substantially problematic.[4] Further, as Appellees observe, ongoing amendments to an unconstitutional enactment so insulated from judicial review may have a compounding effect by exacerbating the disparity between what the Constitution requires and the law as it is being enforced. Thus, Appellees raise a colorable challenge to the viability of this sort of limitation, which can result in effectively amending the Constitution via means other those which the charter itself sanctions. *See* PA. CONST., art. XI (Amendments).

To the degree that Appellees wish to pursue this challenge in the ordinary course, upon the realization that their proposed injunctive remedies will be considered no further, I would allow them to do so in the Commonwealth Court upon a remand. In this regard, relative to the declaratory component of the request for relief, I also would not invoke the doctrine of laches, since the present challenge arises in the first election cycle in which no-excuse mail-in voting has been utilized. Moreover, "laches and

---

(…continued)

no longer exists, and is not reflected in other current, constitutional voting practices provided for by the Election Code."). To the degree that Act 77's time limitation on judicial review would be deemed itself to violate the Constitution, *see infra*, I believe the resolution of the underlying substantive controversy merits close review.

[4] Notably, this Court has otherwise previously rejected the Legislature's attempt to impose time limitations on challenges to legislation that do not themselves comport with constitutional norms. *See, e.g.*, *Glen-Gery Corp. v. ZHB of Dover Twp.*, 589 Pa. 135, 155, 907 A.2d 1033, 1044-45 (2006).

prejudice can never be permitted to amend the Constitution." *Sprague v. Casey*, 520 Pa. 38, 47, 550 A.2d 184, 188 (1988).

Consistent with my position throughout this election cycle, I believe that, to the extent possible, we should apply more ordinary and orderly methods of judicial consideration, since far too much nuance is lost by treating every election matter as exigent and worthy of this Court's immediate resolution. In this respect, I would honor the Commonwealth Court's traditional role as the court of original and original appellate jurisdiction for most election matters. Finally, I am decidedly against yet another award of extraordinary jurisdiction at the Secretary's behest.

Justice Mundy joins this Concurring and Dissenting Statement.