INDIANA ENVIRONMENTAL MAN-AGEMENT BOARD and Indiana Waste Systems, Inc., Appellants (Defendants Below),

v.

TOWN OF BREMEN, Dale Sherk, et al., Appellees (Plaintiffs Below).

No. 3–583A146.

Court of Appeals of Indiana, Third District.

Jan. 17, 1984.

Rehearings Denied Feb. 24, 1984.

Linley E. Pearson, Atty. Gen., Brenda Franklin Rodeheffer, Michael Schaefer, Deputy Attys. Gen., Indianapolis, for appellant Indiana Environmental Management Bd.

James F. Groves, Lee, Groves, Konopa & Cotter, South Bend, for appellant Indiana Waste Systems, Inc.

William H. Albright, South Bend, for appellee Town of Bremen.

M. Kent Newton, Robert R. Clark, Bayh, Tabbert & Capehart, Indianapolis, for appellees Dale Sherk, et al.

HOFFMAN, Presiding Judge.

The Indiana Environmental Management Board granted construction and operation permits for a sanitary landfill in southeastern St. Joseph County, Indiana to Indiana Waste Systems, Inc. Prior to the issuance, a public hearing was held on June 23, 1981 in St. Joseph County, at which all parties to this appeal were participants.

The Town of Bremen filed a complaint for judicial review and for injunction against the I.E.M.B. in the Marshall Superior Court on August 31, 1981. On September 4, 1981, Dale Sherk, et al. filed a petition for judicial review against the I.E.M.B. and Indiana Waste Systems, Inc. in Marion Superior Court, Room No. 2, and requested an order staying the action of the I.E.M.B.

The I.E.M.B. moved to transfer and consolidate the Marion Superior Court case with the Marshall Superior Court case, since both contained the same allegations. Indiana Waste Systems, Inc. moved to intervene in the Marshall Superior Court case and on October 5, 1981, the Marshall Superior Court case was venued to Starke County. The Marion Superior Court granted the motion to consolidate and the Town of Bremen withdrew its opposition to the motion to intervene. The cause was then venued from Starke County to LaPorte Circuit Court by agreement of the parties.

The LaPorte Circuit Court's order of January 14, 1983 was based upon motions for summary judgment filed by all the parties, responses thereto, and the stipulation of facts filed by the parties. The trial court ordered that the matter be remanded to the I.E.M.B. The trial court subsequently ordered that the decision of the I.E.M.B. granting the permit, as well as the permit itself, be set aside and vacated. An appeal arose from this judgment.

However, on January 26, 1983, twelve days after the judgment was entered, the plaintiffs filed a complaint for mandate in the Marion Circuit Court. That action was venued to Johnson Circuit Court. The Johnson Circuit Court entered an order granting summary judgment for the plaintiffs on June 13, 1983. Subsequently, the Johnson Circuit Court found the I.E.M.B. in contempt and set a compliance date. However, a stay was granted by the Court of Appeals of Indiana on August 23, 1983 and is in effect pending appeal.

By an order dated September 28, 1983, the appeal from the Johnson County mandate action, originally cause number 4-683-A-199, was consolidated with the appeal from the LaPorte County summary judgment under cause number 3-583-A-146.

This consolidated appeal presents the following issues for review:

(1) whether the LaPorte Circuit Court erred in finding that the plaintiffs had standing to bring an action for judicial review;

(2) whether the LaPorte Circuit Court erred in finding that the I.E.M.B. had denied the plaintiffs due process;

(3) whether the LaPorte Circuit Court had jurisdiction to order the decision of the I.E.M.B. granting the permit as well as the permit itself to be set aside and vacated; and

(4) whether the Johnson Circuit Court had jurisdiction to mandate the I.E.M.B. to terminate the operations of the landfill.

The individual plaintiffs allege that they are adjoining landowners to the landfill and the Town of Bremen alleges that the landfill is located over and upon the main aquifer which supplies all water to the town. Thus they argue that they are aggrieved or affected persons and are entitled to a hearing pursuant to IND.CODE § 4–22–1–1 *et seq.* and IND.CODE § 13–7–10–4. The defendants contend that the plaintiffs are not aggrieved or affected persons within the meaning of the statute and that the only due process right they are entitled to is a public hearing pursuant to IND.CODE § 13–7–10–2 which they received. Thus, they have no standing to either receive an adjudicatory hearing or to bring petitions for judicial review.

A decision by this Court in a previous appeal appears to be controlling in the case now before us. In *Sekerez v. Youngstown Sheet & Tube Co.,* (1975) 166 Ind.App. 563, 337 N.E.2d 521, which was a case involving a private citizen and the Air Pollution Control Board, we held that the appellant was required to seek judicial review of the Board's action in accordance with the terms of the Administrative Adjudication Act. His failure to do so constituted a failure to exhaust the prescribed administrative remedy. Having previously held that a person is required to pursue relief in such a case as this via the AAA, it would be at the least incongruous for us to now adopt the position of appellants here and hold that the appellees had no standing to bring an action for judicial review under that Act.

Further support for our position is found in the case of *State ex rel. Calumet Natl. Bank v. McCord,* (1963) 243 Ind. 626, 189 N.E.2d 583. In its opinion in *McCord,* the Supreme Court of Indiana held that the AAA was applicable in the situation of a complaint filed by one bank regarding the granting of a permit to another bank to establish a branch bank. The Court said:

"There is sound reason why in the initial granting of a permit the law applicable to the particular board should govern, since the standards for the grant differ with each board due to the peculiar character of its subject matter. The conditions for granting a branch bank permit, needless to say, differ from that in granting a physician's license or a building permit. We believe a full reading of the Administrative Adjudication Act reflects the intention that a judicial review under that act shall be applicable following the final hearing of such administrative body, whether the permit or license be granted or denied. A reading of the Act discloses an intention that it apply to all administrative determinations except those specifically excepted."

243 Ind. at 633–634, 189 N.E.2d at 586.

■ Appellants argue that the phrase "[a] person aggrieved" in IND.CODE § 13–7–10–4 only applies to applicants for permits since they are specifically named in the first sentence of the section. However, IND.CODE § 13–7–17–1 cannot be so easily explained away. It clearly states:

"Sec. 1. (Procedure) *Any* person aggrieved by *any* final order or determination of the board or any agency, may proceed under IC 1971 4–22–1–1 to 4–22–1–30 to obtain a judicial review." (Emphasis supplied.)

IND.CODE § 13–7–17–1 is clearly the catch-all portion of the article on environmental management that allows *any* ag-

grieved person to obtain judicial review of a decision by the I.E.M.B.

Based upon the authority discussed above, the appellants, pursuant to IND. CODE § 13–7–17–1 and IND.CODE § 4–22–1–1 *et seq.*, did have standing to pursue an action for judicial review. The trial court did not err in so finding.

The appellants also contend that the trial court erred in finding that the I.E.M.B. had denied the plaintiffs due process in affording them a public hearing pursuant to IND. CODE § 13–7–10–2, rather than an adjudicatory hearing pursuant to IND.CODE § 4–22–1–1 *et seq.* However, a review of the trial court's findings of fact discloses that it made no such finding. It merely found that the I.E.M.B. failed to afford the plaintiffs with an opportunity for the settlement or adjustment of their claims as required by IND.CODE § 4–22–1–4 and IND.CODE § 4–22–1–25. The trial court remanded the matter to the I.E.M.B. for proceedings consistent with its opinion.

This finding is consistent with our previous holding that although the law applicable to a particular board should govern in the initial granting of a permit, once the decision is made, the AAA and the due process rights granted therein come into play. Prior to the initial determination, the plaintiffs were entitled to a public hearing pursuant to IND.CODE § 13–7–10–2 and that hearing was granted. However, IND. CODE § 4–22–1–25 also provides:

"Sec. 25. In matters where no order or determination can be made requiring a person to do or refrain from doing an act including, but not in limitation thereof, the issuance of licenses, assessment or determination of taxes or other liability, or the determination of status, any agency may [1] notify the person or persons who will be affected by any initial determination by such agency by registered letter, return receipt requested, or in person, that as a result of an investigation made by such agency a certain determination is recommended and on the expiration of a time fixed but not less than fifteen (15) days, such determination will be made unless objections are filed within said time. In the event no objections are so filed, or in the event that objections are specifically waived in writing, the agency may enter the recommended determination without further notice and without hearing.

"If objections are filed, full opportunity shall be afforded for the adjustment or settlement of such matter, controversy or issue, and if such settlement or adjustment is made, the same shall stand as the determination without further notice or hearing. In the event no adjustment or settlement is so arrived at, then proceedings and hearings shall be had as provided in this act."

No notification or opportunity for settlement was ever given the plaintiffs here.

We stated previously that the AAA was controlling at the point in time that the I.E.M.B. reached its decision and therefore the plaintiffs were entitled to the due process rights afforded them by the AAA. The trial court was correct in its finding that these rights had been denied and in remanding the matter to the I.E.M.B. for the proper fulfillment of those rights.

Appellants next contend that the trial court was without authority to order the decision of the I.E.M.B. granting the permit as well as the permit itself to be set aside and vacated. Their position is that this action exceeds the jurisdiction of the trial court in a judicial review of an administrative agency's action.

IND.CODE § 4–22–1–18 provides, in pertinent part:

"If such court finds such finding, decision or determination of such agency is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

1. The use of the term "may" in this section was intended to be mandatory, not permissive.

*Grether v. Ind. State Bd. of Dental Examiners, et al.,* (1959) 239 Ind. 619, 159 N.E.2d 131.

(3) In excess of statutory jurisdiction, authority or limitations, or short or [sic] statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence, *the court may order the decision or determination of the agency set aside.* The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.

"Said court in affirming or setting aside the decision or determination of the agency shall enter its written findings of facts, which may be informal but which shall encompass the relevant facts shown by the record, and enter of record its written decision and order or judgment." (Emphasis supplied.)

■ The trial court in reviewing the decision of the I.E.M.B. and finding that the agency had violated the due process rights of the plaintiffs, clearly had the authority to order the decision granting the permit to be set aside. If the granting of the permits was invalid and set aside, the effect was that it was as if there had never been a granting. If there had never been a granting of the permits, how could there be any permits? The permits were void *ab initio.*

The trial court in this instance did not order any affirmative relief or substitute its judgment for that of the agency. The trial court merely vacated the decision of the agency, the logical consequence of which was also a vacation of the permits resulting from that decision, thereby placing the parties in the same posture as if the invalid decision had not been made, and remanded the matter to the agency for its proper compliance with the law. There was no error in the trial court's order.

Finally, it must be determined whether the Johnson Circuit Court had jurisdiction to mandate the I.E.M.B. to terminate the operations of the landfill. It appears that the appellees decided to fight fire with fire. Since they felt their due process rights had been denied them, they apparently attempted to deny the appellants some of their rights by seeking a mandate.

■ Such actions are extraordinary remedies which are viewed with extreme disfavor. *State, etc. v. Court of Appeals of Indiana,* (1980) Ind., 406 N.E.2d 244. Mandamus is meant to accomplish what cannot otherwise be accomplished through ordinary legal or equitable remedies. *Ind. Rev. Bd. v. State ex rel. Bd. of Comm'rs.,* (1979) 270 Ind. 365, 385 N.E.2d 1131. Generally it is proper for a court to mandate an administrative agency to act in accordance with its statutory duty where its duty is clear, but a court cannot compel the exercise of a discretionary act in any particular manner. *State v. Stateler,* (1981) Ind.App., 424 N.E.2d 150.

The procedures to be used by the I.E. M.B. for the enforcement of compliance with its regulations are found at IND. CODE § 13–7–11–1 *et seq.* IND.CODE § 13–7–11–1 provides:

"Sec. 1. (Investigations) The board or an agency, or a designated member of the staff of the board or an agency, on receipt of information of *any alleged violation of this article* or of any regulation or standard adopted hereunder, *may* initiate an investigation." (Emphasis supplied.)

Procedures are also included as safeguards in case the I.E.M.B. decides not to act. Furthermore, IND.CODE § 13–7–11–5 provides in pertinent part:

"(b) the board or agency's order *may* include direction to cease and desist from violations of the article, or regulations or standards adopted; *may* impose monetary penalties in accordance with this article; *or may* mandate corrective action to alleviate the violation. Any such order *may* also revoke a permit. The order, *if* it allows time during which to correct a violation, *may* provide for the posting of performance bond with surety or security acceptable to the board or agency to assure the correction of such

violation within the time prescribed in any order." (Emphasis supplied.)

Clearly, these procedures and the remedies for violations of the article are couched in discretionary terms. The I.E. M.B. is not required to investigate a reported violation and if it does, it may choose from alternative remedies which one it will impose. The termination of operations of a landfill is not required, particularly when no opportunity was given for an investigation and the due process procedures accorded therewith. Therefore, the mandate which ordered the I.E.M.B. to "perform its legal duty and cause the termination of operations" of the landfill was erroneous in that it was an attempt to compel the exercise of a discretionary act in a particular manner.[2] This cannot be done and therefore, the judgment of the Johnson Circuit Court must be reversed.

For the reasons stated herein, the judgment of the LaPorte Circuit Court is affirmed and the judgment of the Johnson Circuit Court is reversed.

Affirmed in part and reversed in part.

GARRARD and STATON, JJ., concur.

2. *See also, ABC, et al. v. McShane, et al.,* (1976) 170 Ind.App. 586, 354 N.E.2d 259 for additional authority in support of this position.