INDIANA STATE BOARD OF
EDUCATION, Appellant–
·Respondent,

v.

BROWNSBURG COMMUNITY
SCHOOL CORPORATION, Board of
School Trustees, Appellee–Petitioner.

No. 32A01–0611–CV–494.

Court of Appeals of Indiana.

April 30, 2007.

Steve Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

George T. Patton, Jr., Steven D. Groth, Robert A. Parrish, Bose McKinney & Evans LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-respondent Indiana State Board of Education (the ISBE) appeals the trial court's ruling in favor of appellee-petitioner Brownsburg Community School Corporation, Board of School Trustees (Brownsburg), which set aside the ISBE's administrative order directing Brownsburg to enroll two students in the school system on a part-time basis. Specifically, the

ISBE maintains that the trial court improperly determined that Brownsburg had the discretion to deny the students from enrolling in less than a fulltime schedule. The ISBE further claims that the trial court erred in granting affirmative relief rather than remanding the cause to the administrative agency for further proceedings. Finding no error, we affirm the judgment of the trial court.

## FACTS

The facts, as reported in *Indiana State Board of Education v. Brownsburg Community School Corporation*, 842 N.E.2d 885 (Ind.Ct.App.2006), are as follows:

On August 4, 2004, Catherine Johnson ("Johnson") met with Kathy Corbin ("Corbin"), superintendent of Brownsburg Community School Corporation ("Brownsburg"), and asked that her sons, Ta. and Tr. ("the students"), be allowed to enroll at Brownsburg on a part-time basis for the 2004–2005 school year—Ta. in band and Tr. in AP calculus and Madrigals. Johnson planned to enroll the students mainly in home study correspondence courses, including classes through Brigham Young University. At the time of Johnson's request, Brownsburg had the following policy in place:

The Superintendent or the Board will not grant approval per I.C. 20–8.1–3–17.3(b) for students from non-public, non-accredited, or non-approved schools including home educated students to enroll in less than six (6) credit generating courses unless an [Individualized Education Program] is in effect.

Appellant's Br. p. 22; Appellant's App. p. 43. Because Johnson's proposed course of home study is not approved by the ISBE and because there was no individualized education program (I.E.P.) in effect for the students, Corbin denied the requested part-time enrollment.

The students appealed Corbin's denial of their request for part-time enrollment to the ISBE. On February 3, 2005, the ISBE, relying on the recommendation of the administrative law judge ("ALJ") it had assigned to the case, voted to reverse Corbin's decision and ordered Brownsburg to enroll the students on a part-time basis in the classes in which they sought enrollment.

On February 4, Brownsburg filed its Verified Petition for Judicial Review of an Agency Action and Stay of Order Pending Final Determination ("Petition") with the trial court. Attached as exhibits to the Petition were copies of the ISBE ALJ's recommended orders, Brownsburg's objections to those orders, and Brownsburg's published policy on student enrollment. In the Petition, Brownsburg requested a stay of the agency action and an expedited hearing on judicial review of the matter. That same day, the trial court, having determined that a reasonable probability existed that the ISBE's action was invalid or illegal, granted the stay and set the matter for a "preliminary hearing" on February 15. Appellant's App. p. 90.

The preliminary hearing was held as scheduled on February 15. At the beginning of the hearing, when the court asked deputy attorney general Chad Duran (Duran), the ISBE's attorney, what the status of the case was, he responded, "The Indiana State Board of Education opposes the stay, uh Your Honor." Tr. p. 7. Later, Duran stated, "Now with regards to the stay, ultimately the stay is [the] applicable remedy uh and just to prevent undue hardship on behalf of the parties. I don't believe in this instance that, that Brownsburg School Corpora-

tion can make any significant showing uh of undue hardship." *Id.* at 11. The court then asked Buren Jones (Jones), Brownsburg's attorney, what "supports you obtaining uh an injunction," and Jones responded, "the court only need find by the petition and the arguments here today that there's a reasonable uh probability that the [ISBE's] order [is] invalid or illegal[.]" Id. at 13.

During his closing, Duran made the following comments:

> Ultimately, we have a situation here where we are attempting to harmonize the Indiana State Constitution with the relevant law that Mr. Jones cited.... That's the ultimate issue to be decided once this matter is fully briefed it goes through the process.... The school corporation is certainly ready willing and able to absorb two additional students into its system on a part time bases [sic] so let's keep the order of the Indiana State Board of Education· in place while we determine these important Constitutional issues.

*Id.* at 20–21 (interjections omitted). In his closing, Jones stated, in pertinent part:

> [T]he choice to home school is theirs but with as with [sic] every choice comes consequences and uh because they voluntarily withdrew by granting the stay you're not going to be taking anything away from them that they already have.... Alright, if you don't grant the stay, if the court doesn't grant the stay we'll not only have these two [students] but we'll have others·that will place a·burden on the school.... We may have to hire additional staff to teach these children. If we hire additional staff and then we ultimately prevail which we expect that we will, we can't just automatic [sic] fire that additional staff[.]

*Id.* at 22–23. At the end of the hearing, the trial court invited the parties to submit briefs of 250 words or less, but both declined.

Two days after the hearing, on February 17, the trial court entered its Order After Preliminary Hearing, which provided, in pertinent part:

> [I]t is hereby ordered that the Findings of. Fact, Conclusions of Law, and Recommended Order entered by Valerie Hall, Hearing Examiner of· the Indiana State Board of Education, on 16 December, 2004, under cases number 0408012B and A are vacated because they are contrary to the clear law set out by our legislature, overbroad, arbitrary and capricious, and an abuse of discretion [.]

*Id.* at 15.

On February 28, Brownsburg filed with the trial court a Notice of Filing of the Agency Record. Attached to this filing was that portion of the agency record that had been provided to Brownsburg by the ISBE as of that date. The filing did not include portions of the record that had been preserved without transcript and delivered to Brownsburg via audio cassette tape and video cassette tape. That same day, the ISBE filed a Motion to Correct Errors and Vacate. The motion stated: "It was counsel's impression that the hearing set for February 15, 2005 was set by the Court to address [Brownsburg's] request to stay the agency order pending final determination[.]" Appellant's App. p. 86–87. The ISBE requested that the trial court correct errors, vacate its Order entered herein on February 17, 2005, permit the [ISBE] to file an answer and affirmative defenses or other responsive pleading, provide [Brownsburg] with an opportunity to file the original or certified copy of the record of the administrative hear-

ing below, the subject of the instant judicial review, and set a briefing schedule in which all parties are provided with the opportunity to submit dispositive motions and set forth their legal arguments in supporting briefs in which all parties can cite to the administrative record below in support of their position. *Id.* at 87–88.

The ISBE filed its answer to Brownsburg's Petition on March 10. Then, because the trial court had failed to take any action on the ISBE's Motion to Correct Errors and Vacate within forty-five days, the motion was deemed denied, pursuant to Indiana Rule of Trial Procedure 53.3. On April 18, having received the remaining portions of the record from the ISBE, Brownsburg filed another Notice of Filing of the Agency Record. Thereafter, the ISBE filed its notice of appeal from both the trial court's Order After Preliminary Hearing and its denial of ISBE's motion to correct error, and the trial court entered an order indicating that it would take no further action in the case pending this appeal. *Id.* at 886–89 (footnotes omitted).

On appeal, we reversed and remanded the case "with instructions to the trial court to conduct a judicial review proceeding in which the parties are given an opportunity to submit relevant documents and make substantive arguments on the merits of Brownsburg's Petition." *Id.* at 892. Neither party requested the opportunity to present additional evidence. Thus, a special judge considered briefs that the parties had submitted and heard argument. On March 27, 2006, the ISBE moved to dismiss the case on the grounds of mootness. The trial court denied the motion and entered judgment for Brownsburg on October 5, 2006. The trial court ordered the ISBE's ruling vacated as "contrary to law, arbitrary and capricious, and an abuse of discretion." Appellant's App. p. 20. More particularly, the trial court's findings of fact and conclusions of law provided as follows:

12. The decision of the Indiana State Board of Education, ... which decision interprets I.C. 20–8–3–17.3 to require the school corporation or superintendent to approve part time enrollment of home schooled students is contrary to the legislative intent expressed in said statute. Accordingly, the agency's interpretation is incorrect, and must be reversed as arbitrary and capricious.

13. The Brownsburg Community School Corporation policy at issue in this case is neutral on its face and is of general applicability. Said policy does not discriminate on the basis of race, creed, national origin, color, sex, speech, or religion. Said policy allows enrollment by qualified students, tuition free. The policy is not, therefore, in contravention of Article I Section 1, Article 4 Section 23 of the Indiana Constitution or I.C. 20–8.1–2–1. Brownsburg Community Schools are equally open to all. Home schooled students in Brownsburg whose parents have made a choice to withdraw them from school have chosen not to exercise their right to equal access to the Brownsburg Community Schools.

14. The decision of the Indiana State Board of Education requiring the school corporation to allow part time enrollment of home schooled students exceeds the statutory authority of the Board in that said decision contravenes the clear language of I.C. 20–8.1–3–17.3.

15. In that a school corporation is granted the express statutory authority to deny part time enrollment to home schooled students, the school corporation is not required to provide a rationale for its policy, which is valid on its face.

16. The decision of the Hearing Examiner, affirmed by the Indiana State Board of Education, is contrary to applicable statute and the Brownsburg Community School Corporation has been prejudiced in that the agency's action is arbitrary, capricious, an abuse of discretion and not in accordance with law pursuant to I.C. 4–21.5–5–14(d)(1).

Appellant's App. p. 19–20. Finally, the trial court's judgment provided that

[T]he decision of the Hearing Examiner ... is hereby VACATED as contrary to law, arbitrary and capricious, and an abuse of discretion. The policy adopted by the school corporation pursuant to statutory authority is valid and does not unlawfully discriminate against any person or class.

Appellant's App. p. 20–21. The ISBE now appeals.

## DISCUSSION AND DECISION

The ISBE maintains that the trial court's judgment must be reversed because Brownsburg's policy regarding part-time student enrollment was invalid. Hence, the ISBE asserts that the relevant statutory and constitutional authorities permit a qualified student to enroll in a class in the school district in which he resides, even if the enrollment is not on a fulltime basis, as long as the student is qualified to participate in the class. As a result, the ISBE argues that the trial court erred in determining that Brownsburg could deny Ta. and Tr.'s requests to enroll at BHS on a part-time basis because the students had a right to do so.

### I. Standard of Review

 We initially observe that while the legislature has granted courts the power to review the action of state government agencies taken pursuant to the Administrative Orders and Procedures Act (AOPA), this power of judicial review is limited. *LTV Steel Co. v. Griffin*, 730 N.E.2d 1251, 1257 (Ind.2000). A court may only set aside agency action that is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence. Moreover, an interpretation of statutes and regulations by an administrative agency charged with the duty of enforcing those regulations and statutes is entitled to great weight unless this interpretation would be inconsistent with the law itself. *Id.* The reviewing court should generally accept an agency's reasonable interpretation of regulations and statutes. *Id.*

 We also note that the burden of demonstrating the invalidity of an agency action is on the party asserting its invalidity. Ind.Code § 4–21.5–5–14. An agency acts arbitrarily or capriciously if its action constitutes a willful or unreasonable action without consideration and in disregard of the facts and circumstances of the case or without some basis that would lead a reasonable person to such action. *Ind. Bd. of Pharmacy v. Crick*, 433 N.E.2d 32, 39 (Ind.Ct.App.1982). Trial and appellate courts that review administrative determinations are prohibited from reweighing the evidence or judging the credibility of witnesses and must accept the facts as found

by the administrative body. *Ind. Alcoholic Bev. Comm'n v. River Rd. Lounge, Inc.,* 590 N.E.2d 656, 658 (Ind.Ct.App.1992). Moreover, a court may not substitute its judgment for that of the agency. *Id.* Additionally, a court may not overturn an administrative determination merely because the reviewing court would have reached a different result. I.C. § 4–21.5–5–11; *Ind. Dep't of Natural Res. v. Krantz Bros. Constr. Corp.,* 581 N.E.2d 935, 940–41 (Ind.Ct.App.1991).

We note, however, that the interpretation of a statute is a question of law reserved for the courts, and is reviewed under a de novo standard. *Bourbon Mini–Mart, Inc. v. Comm'r Ind. Dep't of Envtl. Mgmt.,* 806 N.E.2d 14, 20 (Ind.Ct. App.2004). Also, when the facts are undisputed and the question is whether they lead to a certain conclusion, the case presents a question of law and the court need not defer to agency decision-making. *County Dep't of Pub. Welfare v. Deaconess Hosp., Inc.,* 588 N.E.2d 1322, 1327 (Ind.Ct. App.1992). If an agency misconstrues a statute, there is no reasonable basis for the agency's ultimate action, and, therefore, the trial court is required to reverse the agency's action as being arbitrary and capricious. *Ind.-Ky. Elec. Corp. v. Ind. Dep't. of Envtl. Mgmt.,* 820 N.E.2d 771, 777 (Ind.Ct.App.2005).

## II. ISBE's Claims

In this case, the sole question presented below was whether Indiana Code section 20–8.1–3–17.3(b)[1] granted Brownsburg the discretion to deny Ta. and Tr. from enrolling in BHS on a part-time basis. In essence, the ISBE argues that the trial court ignored various statutory provisions and the Indiana Constitution in determining

that Brownsburg could deny the children's request for part-time enrollment.

When this action commenced, Indiana Code section 20–8.1–3–17.3 provided that

(a) A school that is:
> (1) nonpublic;
> (2) nonaccredited; and
> (3) not otherwise approved by the Indiana state board of education; is not bound by any requirements set forth in IC 20 or IC 21 with regard to curriculum or the content of educational programs offered by the school.

(b) This section may not be construed to prohibit a student who attends a school described in subsection (a) from enrolling in a particular educational program or participating in a particular educational initiative offered by an accredited public or nonpublic or a state board approved nonpublic school if:

(1) *the governing body or superintendent of the school corporation, in the case of the accredited public school;* or

(2) the administrative authority, in the case of the accredited or state board approved nonpublic school;

(3) *approves the enrollment or participation by the student.*

(Emphases added). In light of these provisions, Brownsburg contends that it properly exercised its discretion in denying Tr.'s and Ta.'s requests to enroll in the school system as part-time students.

We note that Indiana's school corporation "Home Rule" statutes enacted in 1989 create a presumption in favor of the existence of a school board's authority. In particular, Indiana Code section 20–5–1.5–1[2] states that "[n]otwithstanding any other

---

**1.** Amended and recodified at Indiana Code section 20–33–2–12.

**2.** Amended and recodified at Indiana Code section 20–26–3–1.

law and subject to section 7 of this chapter, the policy of the state is to grant school corporations all the powers that they need for the effective operation of each school corporation." Additionally, Indiana Code section 20–5–1.5–2 [3] provides that

(a) The rule of law that any doubt as to the existence of a power of a school corporation shall be resolved against its existence is abrogated.

(b) Any doubt as to the existence of a power of a school corporation shall be resolved in favor of its existence. This rule applies even though a statute granting the power has been repealed.

And the next section, Indiana Code section 20–5–1.5–3,[4] states that

a) The rule of law that a school corporation has only:

(1) powers expressly granted by statute;

(2) powers necessarily or fairly implied in or incident to powers expressly granted through rules adopted by the state board of education under IC 4–22–2 or otherwise; and

(3) powers indispensable to the declared purposes of the school corporation; is abrogated.

(b) A school corporation has:

(1) all powers granted it by statute or through rules adopted by the state board of education; and

(2) all other powers necessary or desirable in the conduct of its affairs, even though not granted by statute or rule.

(c) The powers that school corporations have under subsection (b)(1) are listed in

various statutes. However, these statutes do not list the powers that school corporations have under subsection (b)(2). Therefore, the omission of a power from such a list does not imply that school corporations lack that power.

Finally, Indiana Code section 20–5–1.5–4 [5] provides that

A school corporation may exercise any power it has to the extent that the power:

(1) is not expressly denied by the Constitution of the State of Indiana, by statute, or by rule of the state board of education; and

(2) is not expressly granted to another entity.

■ When examining these provisions, it is apparent to us that Brownsburg does have the authority to regulate and control the enrollment of students in its course offerings under its policy. In essence, such "Home Rule" statutes guarantee that schools have all the powers granted under statutes including Indiana Code section 20–8.1–3–17.3 (recodified as Indiana Code section 20–33–2–12). Thus, we cannot say that Brownsburg abused its discretion in denying Ta.'s and Tr.'s requests to enroll in the school system on a part-time basis.

■ We also reject the ISBE's argument that the trial court's judgment must be reversed because Brownsburg exercised its discretion in excluding the students from part-time enrollment in a discriminatory manner. In support of its argument, the ISBE directs us to Article 8, Section 1 of the Indiana Constitution, which provides:

**3.** Amended and recodified as Indiana Code section 20–26–3–2.

**4.** Amended and recodified at Indiana Code section 20–26–3–3.

**5.** Amended and recodified at Indiana Code section 20–26–3–4.

Knowledge and learning, generally diffused throughout a community, being essential to the preservation of a free government; it shall be the duty of the General Assembly to encourage, by all suitable means, moral, intellectual scientific, and agricultural improvement; and to provide, by law, for a general and uniform system of Common Schools, wherein tuition shall be without charge, and equally open to all.

In this case, in declining to grant the requests for part-time enrollment, Corbin—Brownsburg's superintendent—determined that the children did not meet any of the exceptions to the school system's policy and, therefore, did not qualify for part-time or shortened schedule enrollment. There is no allegation that Brownsburg would have been unwilling to enroll Ta. and Tr. as fulltime students under the policy. The children were not denied full-time enrollment at BHS and, therefore, the schools have remained open to all. Neither Ta. or Tr. have made a claim that Brownsburg discriminated against them on the basis of race, creed, national origin, color, or sex. Nor is there any evidence that Brownsburg has deprived Ta. and Tr. of their rights to free speech or discriminated against them on the basis of religion. Thus, ISBE's assertion that Tr. and Ta. were excluded from part-time enrollment on a discriminatory basis fails.

### III. Order of Affirmative Relief

The ISBE also contends that even if the trial court was correct, affirmative relief should not have been ordered in this instance. Specifically, the ISBE argues that the trial court should have remanded the cause for further proceedings. In essence, the ISBE asserts "that the trial court violated the well established rule that a remand to the agency is ordinarily the sole remedy, even where the agency has acted contrary to law." Appellant's Br. p. 25.

Indiana Code section 4–21.5–5–15 provides that

If the court finds that a person has been prejudiced under Section 14 [Indiana Code § 4–21.5–5–14] of this chapter, the court may set aside an agency action and:

(1) Remand the case to the agency for further proceedings; or

(2) Compel agency action that has been unreasonably or unlawfully withheld.

This court has considered the former version of this statute—Indiana Code section 4–22–1–10—which provided that a trial court "may order the decision or determination of the agency [be] set aside ... may remand the case to the agency for further proceedings, and may compel agency action unlawfully withheld or unreasonably denied[,]" *Ind. Envtl. Mgmt v. Town of Bremen*, 458 N.E.2d 672, 675–76 (Ind.Ct. App.1984). The *Bremen* court concluded that a "trial court [that] merely vacated the decision of the agency ... did not order any affirmative relief...." *Id.* at 676.

■ In this case, the trial court's judgment provided that "the decision of the Hearing Examiner ... is hereby VACATED as contrary to law, arbitrary and an abuse of discretion." Appellant's App. p. 20–21. Hence, the trial court did not order any affirmative action in this matter. Moreover, notwithstanding the ISBE's contention that this case should be remanded for further proceedings, we have previously acknowledged that "remand is not always appropriate." *Ind. State Bd. of Health Facility Adm'rs v. Werner*, 841 N.E.2d 1196, 1209 (Ind.Ct.App.2006). Simply put, where remand would serve no purposes—as in instances where no additional issues remain for determination—remand is unnecessary.

In this case, the trial court's order resolved the sole question presented for review—"whether Indiana Code section 20–8.1–3–17.3(b) [ (recodified as Indiana Code § 20–33–2–12(b)) ] bestows upon [Brownsburg] the discretion to deny students from non-public, non-accredited, or non-approved schools, including home educated students, to enroll in less than a full time schedule unless an IEP is in effect." Appellant's App. p. 19. The trial court answered the question affirmatively, and nothing remained for further determination by the agency. Moreover, the children who initiated this appeal are no longer seeking part-time enrollment. Thus, the trial court acted appropriately in not remanding the case for further proceedings.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and CRONE, J., concur.