J-S31011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAVINCE J. PATE, | |
| Appellant | No. 1017 MDA 2014 |

Appeal from the PCRA Order Entered May 15, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001922-2008

BEFORE:  BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 26, 2015**

Lavince J. Pate (Appellant) appeals *pro se* from the order denying his petition for post-conviction relief filed pursuant to the Post Conviction Relief Act (PCRA),  42 Pa.C.S. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows.  Appellant was charged with possession with intent to deliver,[1] to which he pleaded guilty on July 16, 2008.  On December 16, 2008, the trial court imposed a mandatory minimum sentence of 24 to 48 months' incarceration, pursuant to the drug-free school zones statute.[2]  Appellant did not seek review of his judgment of sentence with this Court.  Consequently, his judgment of

_____

[1] 35 Pa.C.S. § 780-113(A)(30).

[2] 18 Pa.C.S. § 6317.

sentence became final on January 15, 2009. On August 7, 2013, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who on March 18, 2014, filed a **Turner/Finley**[3] petition to withdraw.[4] On April 8, 2014, the PCRA court filed a notice of its intent to dismiss Appellant's PCRA petition and grant counsel's petition to withdraw, pursuant to Pa.R.Crim.P. 907, to which Appellant did not respond. The PCRA court dismissed Appellant's petition for lack of jurisdiction on May 15, 2014. Appellant now files this timely appeal challenging, *inter alia*, the PCRA court's decision to dismiss.

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

**Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] We do not here consider the adequacy of PCRA counsel's withdraw, as the issue is not before us. **See Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009). Here, as in **Pitts**, "[n]either party raised the issue of the adequacy of PCRA counsel's no-merit letter, the Commonwealth was not afforded the opportunity to provide advocacy on the issue, and the Superior Court should not have resolved the appeal on an issue not before it." **Id**. at 880.

Appellant presents several claims for our review; however, we must first determine whether we have jurisdiction. Neither an appellate court nor the PCRA court has jurisdiction over an untimely PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Id*.

For a PCRA petition to be timely, it must have been filed within one year of the final judgment.[5] A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.[6] However, this one year period is tolled if the petitioner alleges and proves that there is (i) governmental interference, (ii) facts which were unknown and unknowable with the exercise of due diligence, or (iii) the claim is a new, retroactive, constitutional right.[7]

To be timely, Appellant's PCRA petition must have been filed by January 15, 2010; however, Appellant's petition was filed on August 7, 2013. The petition is patently untimely and, therefore, Appellant must meet

---

[5] 42 Pa.C.S. § 9545.

[6] 42 Pa.C.S. § 9545(b)(3).

[7] 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

one of the exceptions in order for this Court to consider the merits of the arguments.

Relying on general principles, Appellant argues that he meets the retroactive constitutional right exception to the filing deadline. First, he notes that an unconstitutional statute is "inoperative as though it had never been passed." *Glen-Gery Corp. v. Zoning Hrg. Bd. of Dover Tp.*, 907 A.2d 1033, 1037 (Pa. 2006). Second, Appellant references that his guilty plea subjected him to a mandatory minimum sentence pursuant to the drug-free school zones statute.[8] In *Commonwealth v. Bizzel*, 107 A.3d 102 (Pa. Super. 2014), this Court held that section 6317 is unconstitutional pursuant to the United States Supreme Court's decision in *Alleyne*.[9]

However, the exception requires that a newly recognized constitutional right be explicitly acknowledged to retroactively apply.[10] This sentiment comports with our long established rule that remedial law, without more, "must always be construed as operating on future cases alone."

---

[8] 18 Pa.C.S. § 6317.

[9] *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013) (establishing that facts, aside from prior convictions, giving rise to a mandatory minimum sentence, must be proved to a fact-finder beyond a reasonable doubt).

[10] The exception states: "[T]he right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and *has been held by that court to apply retroactively*." 42 Pa.C.S. § 9545(b)(1)(iii) (emphasis added).

*Lambertson v. Hogan*, 2 Pa. 22, 25 (1845). "Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). Additionally, *Bizzel* does not explicitly state that it is to be retroactively applied.

It is true that a challenge to the legality of the sentence may be raised *sua sponte* and may be entertained, but only so long as the reviewing court has jurisdiction. *Commonwealth v. Robinson*, 931 A.2d 15, 19–20 (Pa. Super. 2007) (*en banc*). As noted above, a court lacks jurisdiction when a PCRA petition is untimely and no exception applies. Therefore, we lack the authority to consider the merits of the PCRA petition *sua sponte,* as Appellant pleads we do.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2015

- 5 -