**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT MUNDY | |
| Appellant | No. 537 EDA 2016 |

Appeal from the PCRA Order dated January 19, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1208861-1986

BEFORE: PANELLA, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED JUNE 23, 2017**

Appellant Vincent Mundy appeals *pro se* from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm.[1]

Recitation of the facts of Appellant's conviction is not necessary for our disposition. To summarize the relevant procedural facts, Appellant was convicted in 1987 of third-degree murder and possessing an instrument of crime.[2] We affirmed his judgment of sentence on July 11, 1991, and the

---

[*] Former Justice specially assigned to the Superior Court.

[1] The order in question also denies Appellant's request for *habeas corpus* relief based on the alleged absence of a written sentencing order. Appellant makes no argument on appeal regarding this portion of the order, and therefore we do not review the issue.

[2] 18 Pa.C.S. §§ 2502 and 907, respectively.

Pennsylvania Supreme Court denied *allocatur* on January 14, 1992. **See** PCRA Ct. Op., 8/9/16, at 1-2.[3]

Appellant filed his first PCRA petition in 1992, which was denied by the PCRA court in 1997. PCRA Ct. Op. at 2. Following a lengthy journey through our courts, this Court finally affirmed the denial of relief on the merits of Appellant's first PCRA petition in 2001. **Id.**

Appellant filed the instant PCRA petition *pro se* on November 25, 2014. PCRA Ct. Op. at 3. In it, Appellant alleged that his mandatory sentence is unlawful because the sentencing guidelines under which he was sentenced were declared void and unconstitutional in **Commonwealth v. Sessoms**, 532 A.2d 775 (Pa. 1987). **See** PCRA Pet., 11/25/14, at 3.

Appellant also filed a supplemental petition on July 13, 2015. In that petition, he classified his newfound understanding of **Sessoms** as a "newly discovered fact," and therefore claimed that his petition falls under the exception to the PCRA's filing deadlines in 42 Pa.C.S. § 9545(b)(1)(ii) (allowing for the filing of a PCRA petition after the normal one-year deadline if there is proper pleading and proof of newly discovered facts). **See** PCRA Pet., 7/13/15, at 3. Appellant also contended that a trial court has continuing jurisdiction to correct an illegal sentence. **See** PCRA Pet., 11/25/14, at 15; PCRA Pet., 7/13/15, at 7.

_____

[3] Appellant has filed a multitude of *pro se* motions and petitions. For clarity's sake, we mention only those filings which have some bearing on the order under review.

On December 3, 2015, the PCRA court issued a notice of its intention to dismiss Appellant's PCRA petition without a hearing, due to its untimeliness. PCRA Ct. Op. at 3.[4] Appellant did not respond to the notice. On January 19, 2016, the PCRA court dismissed Appellant's PCRA petition as untimely. *Id.*[5]

Appellant filed a timely notice of appeal, and raises the following issues for our review, as reproduced verbatim from his brief:

> (A). Did the Lower Court commit reversible error, in the dismissal of Appellant's P.C.R.A. Petition, without a hearing where evidence of Record, manifests Double Jeopardy Sentence clause, Constitutional Violation, with Unlawful-Imprisonment therein?
>
> (B). Did the Lower Court commit reversible error in the dismissal of Appellant's P.C.R.A. Petition without a hearing, in its failure to apply the jurisdictional P.C.R.A. Statute 42 Pa.C.S.A. § 9542, to review and correct, constitutional violations of claims of an Illegal-Sentence and Unlawful Imprisonment, existing in question?
>
> (C). Did the Lower Court commit reversible error in the dismissal of Appellant's properly filed Writ of Habeas Corpus in the denial, of a Habeas Corpus-hearing with

_____

[4] The PCRA court issued the notice pursuant to Pa.R.Crim.P. 1507, which has been renumbered as Pa.R.Crim.P. 907.

[5] The PCRA court's Pa.R.A.P. 1925(a) opinion states that the petition underlying the instant appeal was filed on August 6, 2014. However, the court's January 19, 2016 order does not state the filing date of the PCRA petition under its consideration, and the court's December 3, 2015 Rule 907 Notice states instead that the petition it intends to dismiss was filed on November 25, 2014, and amended on July 13, 2015. Some confusion may have been caused by the fact that the PCRA court's Rule 1925(a) opinion was written by a different judge than the judge who issued the order in question.

claims of an Illegal Sentence and Unlawful-detention, filed therein, for review for relief under the 42 Pa.C.S.A § 9542- P.C.R.A. Jurisdiction Statute, applied for relief[?]

(D). Was Appellate Constitutional Rights to due Process and Equal Protection of the law violated under the guaranteed rights of the U.S. Constitutional Supremacy clause, governing State and Federal Constitutional Laws, Acts Statutes, Rules, and Provisions applied in the instant case?

Appellant's Brief at 3 (some spacing added; quotation marks and emphasis omitted). Because we dispose of this appeal on the basis of the untimeliness of Appellant's petition, we do not address the merits of Appellant's arguments.

When we review an order dismissing a petition under the PCRA, our standard is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted).

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Furgess**, 149 A.3d 90, 92 (Pa. Super. 2016). We have explained:

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final[6] unless the petition

_____

[6] According to 42 Pa.C.S. § 9545(b)(3), a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the
*(Footnote Continued Next Page)*

- 4 -

alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute.

*Id.* (footnote omitted). The three exceptions are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Before the PCRA court, Appellant argued that his PCRA petition is timely in light of his discovery of an argument under the *Sessoms* decision, but he does not repeat that argument in this Court. Instead, Appellant claims that his PCRA petition is timely because (1) a court never relinquishes its jurisdiction to correct an illegal sentence (citing *Commonwealth v. Vasquez*, 744 A.2d 1280 (Pa. 2000)), (2) an unconstitutional statute is ineffective from its enactment (citing *Glen-Gery Corp. v. Zoning Hearing Bd. of Dover Twp.*, 907 A.2d 1033 (Pa. 2006)), and (3) the legality of a

(Footnote Continued) ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."

sentence is not waivable and may be raised *sua sponte* by an appellate court (citing **Commonwealth v. Hopkins**, 67 A.3d 817 (Pa. Super.), **appeal denied**, 78 A.3d 1090 (Pa. 2013)). **See** Appellant's Brief at 5.

When a petitioner asserts that a PCRA petition is timely based on the issuance of a judicial decision, only the third Section 9545 timeliness exception applies, as "[o]ur Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013) (citing **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011)); **see also Commonwealth v. Burton**, No. 9 WAP 2016, 2017 WL 1149203 at *14 (Pa. Mar. 28, 2017) (differentiating Section 9545(b)(1)(ii), the second timeliness exception, which requires an assessment of the petitioner's knowledge of and diligence in discovering facts, from Section 9545(b)(1)(iii), the third exception, which requires a petitioner to file a petition within sixty days of a decision creating a newly-recognized constitutional right). Therefore, a petitioner asserting the third exception must always file his or her petition within sixty days of the announcement of the judicial decision, rather than within sixty days of the date the petitioner became aware of that decision. **See Cintora**, 69 A.3d at 763 (citing 42 Pa.C.S. § 9545(b)(2)).

Moreover, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one

of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). While a trial court retains perpetual jurisdiction "to correct obvious and patent mistakes in its orders, judgments, and decrees", ***Commonwealth v. Holmes***, 933 A.2d 57, 65 (Pa. 2007), "it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power." ***Id.*** at 66-67. "[A]n alleged error must qualify as a clear clerical error (or a patent and obvious mistake) in order to be amenable to correction." ***Commonwealth v. Borrin***, 12 A.3d 466, 473 (Pa. Super. 2011), ***aff'd***, 80 A.3d 1219 (Pa. 2013).

As the Pennsylvania Supreme Court denied *allocatur* of Appellant's direct appeal on January 14, 1992, Appellant's judgment of sentence became final ninety days later, on April 13, 1992, when the time period during which Appellant could have sought review in the Supreme Court of the United States ended. ***See*** U.S. Sup. Ct. 13; 42 Pa.C.S. § 9545(b)(3). Appellant had one year from that date, until April 13, 1993, to file a PCRA petition. The instant PCRA petition, filed on November 25, 2014, is therefore facially untimely.[7]

---

[7] "The 1995 amendments to the [PCRA], which adopted the time-bar, also provide that if the judgment of sentence became final before the January 16, 1996 effective date of the amendments, a PCRA petition will be considered timely if it is filed within one year of that date, or by January 16, 1997. But this grace period only applies to first post-conviction petitions filed as of right, not serial petitions." ***Commonwealth v. Lesko***, 15 A.3d 345, 361 (Pa. 2011). This grace period has no bearing on the instant case, as Appellant filed a first timely PCRA petition in 1992 (before the amendments),
*(Footnote Continued Next Page)*

Appellant has failed to plead and prove that any of the timeliness exceptions apply. Appellant's encounter of the holding of **Sessoms** cannot be construed as a newly discovered "fact" rending Appellant's petition timely under the second exception. **Cintora**, 69 A.3d at 763.[8] Moreover, Appellant has abandoned this argument on appeal. Further, the sentence imposed on Appellant contained no patent or clerical error that would implicate the trial court's jurisdiction to amend, regardless of the PCRA's timeliness restrictions. **Holmes**, 933 A.2d at 65-67; **Borrin**, 12 A.3d at 473. We therefore hold the PCRA court did not err by holding it lacked jurisdiction to consider the merits of Appellant's untimely PCRA petition, and thus we affirm its dismissal. **Barndt**, 74 A.3d at 192.

Order affirmed.

_____
*(Footnote Continued)*

and did not file the instant petition until 2014 (after the tolling period ended).

[8] And, even if this Court were to construe Appellant's discovery of the **Sessoms** decision as a "fact" encompassed by the second timeliness exception, and even if we were to assume that he discovered the decision through the exercise of due diligence, Appellant did not file his instant petition within sixty days of his discovery pursuant to 42 Pa.C.S. § 9545(b)(2). **See** PCRA Ct. Op. at 6 (noting that Appellant cited **Sessoms** in a motion in 2001).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2017