Kenneth Elliott,                    :
          Petitioner          :
                          :
     v.                     :
                          :
City of Pittsburgh (Workers'      :
Compensation Appeal Board),     :   No. 352 C.D. 2022
          Respondent      :   Submitted: October 21, 2022

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON      FILED: February 6, 2023

          Kenneth Elliott (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) dated March 30, 2022. The Board affirmed the decision of a workers' compensation judge (WCJ) granting Claimant's reinstatement petition and reinstating Claimant's disability status to total disability rather than partial disability as of the petition date. Claimant asserts that reinstatement should have been effective as of the original modification date rather than the reinstatement petition date. Upon review, we affirm the Board's order.

## I. Background

          The facts of this case are not in dispute. In August 2003, Claimant sustained a back injury in the course and scope of his employment with the City of

Pittsburgh (Employer). Bd. Dec. at 1. In December 2012, he underwent an impairment rating evaluation (IRE) provided for in former Section 306(a.2) of the Pennsylvania Workers' Compensation Act (Act),[1] which resulted in an impairment rating of less than 50%. *Id.* Employer then filed a modification petition, and in a March 2014 decision and order, a WCJ modified Claimant's disability status from total to partial as of the December 2012 IRE date. *Id.*

In April 2021, Claimant filed a reinstatement petition seeking a return to total disability status based on the Pennsylvania Supreme Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017). Bd. Dec. at 1. In August 2021, a WCJ granted the petition and reinstated Claimant to total disability status. *Id.* at 1-2. In accordance with this Court's decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*), the WCJ ordered the reinstatement to be effective as of the date of Claimant's reinstatement petition. Bd. Dec. at 2.

Claimant appealed to the Board, arguing that his reinstatement should have been effective as of the 2012 modification date. The Board affirmed the WCJ's decision and order. Claimant's petition for review in this Court followed.[2]

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

[2] According to Claimant, 434 weeks and 5 days elapsed between December 27, 2012, the date of the IRE under former Section 306(a.2), and April 27, 2021, the date as of which total disability benefits were reinstated by the WCJ pursuant to *Whitfield*. Claimant's Br. at 18. Claimant avers that Employer has procured a new IRE under Act 111, resulting in a change of Claimant's disability status from total disability back to partial disability effective September 8, 2021. *Id.* (citing *Elliot v. City of Pittsburgh*, Dispute No. DSP-2689047-5, circulated February 10, 2022). Claimant further avers that Employer has stopped all indemnity benefits on the basis that it has paid the 500 weeks of partial disability benefits to which Claimant was entitled under Section

## II. Discussion[3]

The IRE provision contained in former Section 306(a.2) of the Act, 77 P.S. § 511.2, required physicians to conduct IREs according to "the most recent edition" of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (AMA Guides). In *Protz*, our Supreme Court held that former Section 306(a.2) unconstitutionally delegated legislative authority to a private party, in that the legislature did not retain authority or input concerning the standards that might be contained in any future edition of the AMA Guides. 161 A.3d at 837-38. Concluding that the "most recent edition" language could not be severed from the rest of Section 306(a.2), our Supreme Court held that the entirety of Section 306(a.2) was unconstitutional and struck it from the Act.[4] *Id.* at 840-41.

Before this Court, Claimant renews his assertion that the invalidation of former Section 306(a.2) in *Protz* entitled him to reinstatement of his total disability status as of the 2012 modification date rather than the 2021 reinstatement petition date. Claimant does not dispute that the reinstatement date imposed by the WCJ and affirmed by the Board was consistent with this Court's decision in *Whitfield*. *See* Claimant's Br. at 9-10. Claimant also acknowledges that "there are

---

306(b)(1) of the Act, 77 P.S. § 511.1, added by Act of June 24, 1996, P.L. 350. *Id.* Claimant states he has filed a reinstatement petition challenging Employer's cessation of payments. Claimant's Br. at 18 (citing *Elliott v. City of Pittsburgh*, Dispute No. DSP-2689047-6, filed March 21, 2022).

[3] Our scope of review in a workers' compensation appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Pocono Mountain Sch. Dist. v. Kojeszewski (Workers' Comp. Appeal Bd.)*, 280 A.3d 12, 16 n.4 (Pa. Cmwlth. 2022).

[4] In response to *Protz*, the legislature enacted Act 111, which repealed section 306(a.2) and replaced it with section 306(a.3) of the Act, 77 P.S. § 511.3. Under section 306(a.3), an IRE must be conducted in accordance with the Sixth Edition of the AMA Guides, published in 2007, and a claimant's whole-body impairment must be less than 35% in order for the claimant to be moved from total to partial disability status. 77 P.S. § 511.3.

dozens of cases where this Honorable Court has continued to apply [the] rule" announced in *Whitfield* that where a claimant's benefit status was modified from total to partial under former Section 306(a.2) and the claimant has filed a post-*Protz* reinstatement petition, any reinstatement of benefits to total disability status will be effective only as of the date of the claimant's reinstatement petition, not as of the original modification date. Claimant's Br. at 10. However, Claimant challenges the viability of *Whitfield*, asserting that it was wrongly decided. Specifically, Claimant posits that *Whitfield* is inconsistent with this Court's recent decision in *McLinko v. Department of State*, 270 A.3d 1243 (Pa. Cmwlth.), *affirmed in part and reversed in part*, 279 A.3d 539 (Pa. 2022), in which we stated that the statute at issue there, relating to mail-in ballots, was void *ab initio* because it was unconstitutional. Claimant's Br. at 10 (citing *McLinko*, 270 A.3d at 1271). We discern no merit in Claimant's argument.

First, our Supreme Court reversed this Court's *McLinko* decision as to all issues except the reviewability of the statute at issue.[5] *See* 279 A.3d at 582. As Claimant's challenge to the validity of *Whitfield* was based on our decision in

---

[5] Our Supreme Court's decision in *McLinko v. Department of State*, 279 A.3d 539 (Pa. 2022) was issued on August 2, 2022, shortly after Claimant filed his brief in this Court. However, in citing and relying on this Court's decision in *McLinko v. Department of State*, 270 A.3d 1243 (Pa. Cmwlth. 2022) (*en banc*), Claimant's counsel failed to acknowledge that the decision was then on appeal to the Pennsylvania Supreme Court. Moreover, once our Supreme Court issued its decision, counsel failed to submit an update to this Court acknowledging the reversal of our decision in *McLinko*. Having based his challenge to *Whitfield* on *McLinko*, counsel was responsible to be aware of and monitor the pending appeal in *McLinko* and disclose to this Court the pendency of that appeal, as well as any subsequent change in the status of the appeal. *See* Pa. R.P.C. 3.3(a)(2) (stating that a lawyer shall not fail to disclose directly adverse authority) & (c) (stating that the duty of candor in Rule 3.3(a) continues to the conclusion of the litigation) & Explanatory Comments 2 (stating that "the lawyer must not allow the tribunal to be misled by false statements of law"), 4 (stating that "[a] lawyer . . . must recognize the existence of pertinent legal authorities") & 13 (stating that the lawyer's duty to rectify false statements of law continues until the proceeding is complete, *i.e.*, when a final judgment has been rendered on appeal).

*McLinko*, the reversal of *McLinko* effectively disposes of Claimant's legal argument challenging *Whitfield*. As Claimant concedes that the Board's decision was consistent with *Whitfield* and the "dozens" of subsequent cases following *Whitfield*, Claimant's Br. at 10, we reject Claimant's assertion that he was entitled to reinstatement of total disability benefits as of the 2012 modification date rather than the 2021 reinstatement petition date.

*Glen-Gery Corp. v. Zoning Hearing Board of Dover Township*, 907 A.2d 1033 (Pa. 2006), on which Claimant also relies, is inapplicable to this case. As Claimant concedes, *Glen-Gery* involved a challenge to the procedure followed in enacting an ordinance. Claimant's Br. at 12. Because that procedure was defective, the ordinance violated due process requirements and was void *ab initio*. *Glen-Gery*, 907 A.2d at 1037. Here, however, Claimant is not challenging the procedure by which former Section 306(a.2) of the Act was enacted. Moreover, our Supreme Court explained in *Glen-Gery* that the void *ab initio* doctrine may not be applicable where there has been reliance on a statute that is later declared unconstitutional. *Id.* at 1038-39.

Moreover, in post-*Whitfield* cases, we have repeatedly rejected the very argument Claimant asserts here, *i.e.*, that a claimant seeking reinstatement of total disability benefits pursuant to *Protz* is entitled to retroactive reinstatement back to the original modification/IRE date on the basis that former Section 306(a.2) was void *ab initio*. *See, e.g., DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 438 (Pa. Cmwlth. 2022) (rejecting the claimant's assertions when our Supreme Court struck former Section 306(a.2) in *Protz*, that provision was void *ab initio* and a claimant who underwent an IRE prior to *Protz* was automatically restored to pre-IRE status; stating that "our courts have never held

5

that to be the case, and several decisions have placed temporal limits on the application of *Protz* . . . ”); *Pullin v. Sch. Dist. of Phila. (Workers’ Comp. Appeal Bd.)* (Pa. Cmwlth., No. 727 C.D. 2021, filed Feb. 25, 2022), slip op. at 4-5 n.5,[6] *appeal denied*, 280 A.3d 866 (Pa. 2022) (declining to accord “full retroactivity” to *Protz* by holding that the IRE process under former Section 306(a.2) was void *ab initio*) (citing, *inter alia*, *Weidenhammer v. Workers’ Comp. Appeal Bd. (Albright Coll.*), 232 A.3d 986, 989-95 (Pa. Cmwlth.), *appeal denied*, 242 A.3d 912 (Pa. 2020)); *White v. Workers’ Comp. Appeal Bd. (City of Phila.)*, 237 A.3d 1225, 1231 (Pa. Cmwlth. 2020) (*en banc*) (reaffirming *Whitfield* and holding that reinstatement of total disability benefits was effective only “as of the date of [the] reinstatement petition, not the effective date of the change in [the claimant’s] disability status from total to partial”).[7] We likewise reject Claimant’s argument here.

In a closely related argument, Claimant similarly disputes Employer’s entitlement to credit for partial disability benefits paid between the date of the 2012 modification and the date of Claimant’s reinstatement petition, on the basis that

---

[6] We cite this unreported decision as persuasive authority pursuant to Section 414(a) of this Court’s Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[7] By contrast, in *Dana Holding Corp. v. Workers’ Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), our Supreme Court applied *Protz* to grant a modification from partial to total disability as of the previous IRE date, but only because the claimant was already litigating a constitutional challenge to former Section 306(a.2), alleging improper delegation of legislative authority, at the time *Protz* was decided. Our Supreme Court in *Dana Holding* agreed with this Court’s conclusion “that a disability modification is not vested when it remains subject to a preserved challenge pursued by a presently aggrieved claimant.” *Id.* at 649. Accordingly, the Court held that “the general rule in Pennsylvania will be that . . . a holding of this Court that a statute is unconstitutional will generally be applied [retroactively only as] to cases pending on direct appeal in which the constitutional challenge has been raised and preserved.” *Id.* at 693; *see also White v. Workers’ Comp. Appeal Bd. (City of Phila.)*, 237 A.3d 1225, 1231 (Pa. Cmwlth. 2020) (*en banc*) (distinguishing *Dana Holding* from *Whitfield*). Here, Claimant had no such constitutional challenge pending when *Protz* was decided.

former Section 306(a.2), under which the IRE was performed and the modification to partial benefits was obtained, was void. This argument is equally without merit.

This Court recently addressed the same argument in *Fronheiser v. Workers' Compensation Appeal Board (Caterpillar Logistics Services)* (Pa. Cmwlth., No. 483 C.D. 2020, filed May 12, 2021). There, we explained:

> [The c]laimant maintains that, if *Whitfield* and its progeny were applied to his case, Employer could effectively receive credit for weeks that it paid partial disability benefits pursuant to an unconstitutional IRE and statutory scheme. Thus, [the c]laimant, argues, he would essentially be deprived of his vested, statutory right to receive 500 weeks of partial disability benefits because his benefits should not have been reduced from total to partial in the first place.[8] [Original footnote omitted.]
>
> Unfortunately for [the c]laimant, a substantially similar argument was presented to and rejected by an *en banc* panel of this Court in *White* . . . . In that case, we reviewed *Dana Holding* . . . and curtailed that decision to the situation where a claimant preserves a *Protz* challenge to an IRE during direct review. In such a scenario, we explained, a claimant is entitled to full retroactive application of the *Protz* decision and, consequently, the date of the IRE and conversion from total to partial disability will mark the date of reinstatement of total disability benefits. However, this Court in *White* also reaffirmed our decision in *Whitfield*, and, in so doing, distinguished it from *Dana Holding* . . . . We clarified that under *Whitfield*, the result is different when a claimant challenges an IRE on *Protz* grounds, not on direct review, but in a new petition after *Protz* was decided. This Court held that, in this particular scenario, and in contrast to *Dana Holding* . . . , a claimant "is entitled to reinstatement as of the date of [the] reinstatement petition, not the

---

[8] Act 111, which became effective October 24, 2018, repealed Section 306(a.2) and replaced it with Section 306(a.3). Subsection (a.3) reestablished the IRE process, including the 500-week duration of partial disability payments.

> effective date of the change in her disability status from total to partial."

*Id.*, slip op. at 4-5 (quoting *White*, 237 A.3d at 1231). Accordingly, we conclude that Employer was entitled to credit for partial disability payments to Claimant between the date of the 2012 IRE and the date of Claimant's reinstatement petition.

### III. Conclusion

Based on the foregoing discussion, we affirm the Board's order.

_____
CHRISTINE FIZZANO CANNON, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Elliott, :
            Petitioner :
           :
       v. :
           :
City of Pittsburgh (Workers' :
Compensation Appeal Board), : No. 352 C.D. 2022
          Respondent :

## O R D E R

AND NOW, this 6th day of February, 2023, the March 30, 2022 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge